| | |
|---|---|
| Michael J. Bowe<br>(*pro hac vice* application forthcoming*)*<br>mbowe@brownrudnick.com<br>Lauren Tabaksblat<br>(*pro hac vice* application forthcoming)<br>ltabaksblat@brownrudnick.com<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801 | David M. Stein (#198256)<br>dstein@olsonstein.com<br>OLSON STEIN LLP<br>240 Nice Lane, #301<br>Newport Beach, California 92663<br>Telephone: (949) 887-4600 |

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES LTD, a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-04786<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff K.A. ("Plaintiff"), through her undersigned counsel, hereby moves for an Order granting her leave to proceed under a pseudonym in this matter to protect her privacy in this highly sensitive and personal case and against further harassment, emotional harm and other injury, and public ridicule.

This Motion is made based upon this Notice and the accompanying Memorandum of Points and Authorities and such other argument as may be presented to the Court.

DATED: June 7, 2024                Respectfully submitted,

                                                                                 BROWN RUDNICK LLP

By: */s/ Lauren Tabaksblat*
     Lauren Tabaksblat
     (*pro hac vice* application forthcoming*)*

*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff is a victim of child sex trafficking under 18 U.S.C. §§ 1591, 1595. Further, Plaintiff also asserts claims, among others, for violations of federal child pornography and sexual exploitation laws arising under 18 U.S.C. §§ 2252, 2252A, and 2255.  Because of the highly sensitive, personal, and sexual nature of the subject matter, as well as the campaign of harassment that has targeted other MindGeek victims, Plaintiff seeks anonymity to protect her privacy and to avoid further social ridicule and harassment.  Accordingly, Plaintiff requests that her Motion for Leave to Proceed Under a Pseudonym be granted.

## II.   BACKGROUND

Plaintiff has had her life upended and her privacy rights destroyed when a video depicting Plaintiff as a minor engaged in sexually explicit activities was uploaded to Pornhub, which is owned and operated by MindGeek S.a.r.l., MG Freesites, Ltd. d/b/a Pornhub ("Pornhub"), MindGeek USA Incorporated ("MindGeek USA"), MG Premium Ltd., MG Global Entertainment, Inc., and 9219-1568 Quebec, Inc. (collectively "MindGeek").  *See* Compl. ¶¶ 11-16.

The online publication of Plaintiff's child sexual abuse material ("CSAM") caused Plaintiff severe anxiety and emotional distress.

Further, MindGeek has demonstrated that it will retaliate against anyone who speaks negatively about its businesses, including Pornhub.  For example, one of MindGeek's operatives, known to Plaintiff as GS, attacked a victim of child exploitation on Pornhub, harassing her and attempting to discredit her story.  *See* Compl. ¶¶ 218-227.  In addition, GS attacked Serena Fleites on Pornhub, who brought a similar action against MindGeek and its operatives and has publicly discussed her story.  *See* Second Amended Complaint, Dkt. 385, *Fleites v. MindGeek S.a.r.l. et al.*, No. 2:21-cv-4920 (C.D. Cal. 2021).  After the publication of the *New York Times* Op-Ed, which featured Serena's story, GS found Serena on

Twitter and took screenshots of Serena's account and used them to victim blame, gaslight, and intimidate Serena. *See* Compl. ¶ 226.

### III.  ARGUMENT

"District Courts have broad discretion to determine whether a plaintiff may proceed anonymously." *Doe K.G. v. Pasadena hospital Ass'n, Ltd.*, No. 218CV08710ODWMAAX, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). Notwithstanding Federal Rule of Civil Procedure 10(a), which requires that "[t]he title of the complaint must name all the parties," "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

### A.  Plaintiff Should Be Permitted To Proceed Anonymously To Preserve Her Privacy and Prevent Further Harm

A party's need for anonymity in judicial proceedings may arise where, as here, "identification creates a risk of retaliatory physical or mental harm" and "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 1068. For example, district courts in this Circuit have permitted a party to use a pseudonym when it is "necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *9 (N.D. Cal. July 30, 2020). "This district has thus considered 'social stigmatization' among the 'most compelling' reasons for permitting anonymity." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015).

Further, the Ninth Circuit has instructed that "where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citations omitted).

District courts in this Circuit, including this Court, have repeatedly held a plaintiff may proceed under a pseudonym where the plaintiff is a victim of a crime relating to sex. *See, e.g., Doe as next friend for Jessy v. Dinkfield,* No. 219CV01554ODWSSX, 2019 WL 4233579, at *2 (C.D. Cal. June 5, 2019) (allowing the plaintiffs to proceed anonymously "[g]iven the serious and sensitive nature of the allegations of possession and distribution of child pornography" and the "high likelihood that Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation with their real names"); *Doe K.G.*, 2019 WL 1612828, at *1 (allowing the plaintiffs to proceed anonymously "[g]iven the serious and sensitive nature of the allegations of repeated sexual assaults" and the "high likelihood Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under their real names."); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *1 (N.D. Cal. May 22, 2018) (same); *Doe v. Rose*, No. CV-15-07503-MWF-JCX, 2016 WL 9150620, at *1 (C.D. Cal. Sept. 22, 2016) ("As the Court discussed in the June Order, courts generally permit alleged rape victims to use pseudonyms in pretrial proceedings."); *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (allowing plaintiffs, a group of exotic dancers, to proceed anonymously where they have adequately identified the threat of social stigmatization, which is one of the most compelling reasons to permit anonymity); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May

13, 2011) (granting plaintiff's motion to proceed under a pseudonym because of the allegations of sexual assault).

Here, Plaintiff, a victim of child sex trafficking, faces a severe threat of personal embarrassment, social stigmatization, and anxiety should the history of her trafficking be made public. Plaintiff has already suffered significant emotional and physical harm and should not be subjected to more while she seeks justice for the horrendous and abhorrent acts she was subjected to. Given the sexual nature of this case, this case easily qualifies as "sensitive and highly personal," further justifying Plaintiff's request to proceed using a pseudonym.

With respect to retaliatory harm, the three factors that the Ninth Circuit discussed in *Advanced Textile Corp.* are easily met here. First, the threatened harm is severe, as evidenced by the past and continuing emotional and physical harm that the Plaintiff has suffered. Second, this fear is reasonable because Plaintiff has already suffered this harm, namely public ridicule, harassment, personal embarrassment, and emotional and other harm, at least within her immediate communities or online. Further, MindGeek has retaliated against victims of sex trafficking who have spoken out against MindGeek, like Serena, so the fear of future and greater harm is also reasonable. Finally, with respect to the last factor, Plaintiff, as a victim of sex trafficking, is particularly vulnerable to retaliation given the sexual and personal nature of this action.

### B. Neither Defendants Nor The Public Will Not Be Prejudiced By Preserving Plaintiff's Anonymity

Further, the defendants will not be prejudiced if this Court grants Plaintiff leave to proceed under a pseudonym. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile Corp.*, 214 F.3d at 1068. Because this case is at the pleadings stage, there is no prejudice to the defendants at present. Further, at an appropriate stage of the

litigation, Plaintiff is willing to propose a protective order whereby she will provide the defendants' outside counsel with the true identification of Plaintiff for the purpose of defending this action. Plaintiff seeks to shield her name from the public record, public discourse, unnecessary third parties, and the media. Further, any potential prejudice or harm the defendants may face is outweighed by the personal ridicule, harassment, and emotional and physical harm Plaintiff will suffer if she is forced to use her real name. *See, e.g., Doe K.G.*, 2019 WL 1612828, at *1 (finding that the "personal embarrassment and emotional injury" that the plaintiffs, as victims of sexual assaults, would face if forced to proceed in this litigation under their real names "outweighs any potential prejudice to Defendants"); *Doe as next friend for Jessy*, 2019 WL 4233579, at *2 (same).

Finally, the public interest is served not by revealing Plaintiff's identity but rather by "protecting [her identity] so that other victims will not be deterred from reporting such crimes and seeking civil remedies." *Doe as next friend or Jessy*, 2019 WL 4233579, at *2; *Doe K.G.*, 2019 WL 1612828, at *1 (noting that "[w]ith regard to allegations of sexual assault . . . the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity.").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that her Motion be granted and that the Court enter an order permitting her to proceed under a pseudonym in connection with this action.

DATED: June 7, 2024

Respectfully submitted,

BROWN RUDNICK LLP

By: /s/ Lauren Tabaksblat
Lauren Tabaksblat
(*pro hac vice* application forthcoming*)*

*Attorneys for Plaintiff*