WIECHERT, MUNK & GOLDSTEIN, PC
David Wiechert, CA Bar No. 94607
4000 MacArthur Boulevard
Suite 600 East Tower
Newport Beach, CA 92660
Phone: (949) 361-2822
Facsimile: (949) 361-5722
Email: dwiechert@aol.com

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO PC
Jonathan S. Sack (*pro hac vice*)
Alexander F.R. Peacocke (*pro hac vice*)
565 Fifth Avenue
New York, New York 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: jsack@maglaw.com
Email: apeacocke@maglaw.com

*Attorneys for Specially Appearing Defendant David Tassillo*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.A.,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>Defendants. | Case No. 2:24-cv-04786-WLH-ADS<br><br>**DECLARATION OF DAVID TASSILLO IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS FERAS ANTOON AND DAVID TASSILLO'S OMNIBUS MOTION TO DISMISS THE COMPLAINTS** |

DECLARATION OF DAVID TASSILLO

|   |   |   |
|---|---|---|
| | N.L., | |
| | Plaintiff, | |
| 1 | v. | |
| 2 | MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3, | Case No. 2:24-cv-04788-WLH-ADS |
| | Defendants. | |
| | L.T., | |
| | Plaintiff, | |
| | v. | |
| | MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3, | Case No. 2:24-cv-04791-WLH-ADS |
| | Defendants. | |

- 2 -
DECLARATION OF DAVID TASSILLO

| | |
|---|---|
| T.C.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-04795-WLH-ADS |
| X.N.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-04800-WLH-ADS |

N.Y.,

          Plaintiff,

  v.

MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,

          Defendants.

Case No. 2:24-cv-4801-WLH-ADS

J.C.,

          Plaintiff,

  v.

MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,

          Defendants.

Case No. 2:24-cv-04971-WLH-ADS

DECLARATION OF DAVID TASSILLO

| | |
|---|---|
| W.L.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-04977-WLH-ADS |
| C.S.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-04992-WLH-ADS |

DECLARATION OF DAVID TASSILLO

| | | |
|---|---|---|
| | S.O.,<br><br>                    Plaintiff,<br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>                    Defendants. | Case No. 2:24-cv-04998-WLH-ADS |
| | L.S.,<br><br>                    Plaintiff,<br>v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3,<br><br>                    Defendants. | Case No. 2:24-cv-05026-WLH-ADS |

- 6 -
DECLARATION OF DAVID TASSILLO

| | | |
|---|---|---|
| W.P., | | |
| | Plaintiff, | |
| v. | | |
| MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3, | | Case No. 2:24-cv-05185-WLH-ADS |
| | Defendants. | |
| A.K., | | |
| | Plaintiff, | |
| v. | | |
| MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3, | | Case No. 2:24-cv-05190-WLH-ADS |
| | Defendants. | |

| | |
|---|---|
| J.L.,<br><br>                Plaintiff,<br>     v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD MASTER FUND, LTD, a foreign entity; MANUEL 2018, LLC, a Delaware limited liability company; GINOGERUM, LLC, a Delaware limited liability company; WHITE HATHAWAY OPPORTUNITY, LLC, a Delaware limited liability company; CB MEDIA VENTURES LLC, a Delaware limited liability company; CB AGENCY SERVICES, LLC, a Delaware limited liability company; and CB PARTICIPATIONS SPV, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No. 2:24-cv-07046-WLH-ADS |

- 8 -
DECLARATION OF DAVID TASSILLO

I, David Tassillo, hereby state to the best of my knowledge and belief:

1. I submit this declaration in support of my and Feras Antoon's joint Omnibus Motion to Dismiss the Complaints filed in each of the above-referenced actions (collectively, the "Complaints") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and 9(b).

2. This declaration responds to Plaintiffs' allegation that I am an alter ego of various MindGeek entities, including, but not limited to, MindGeek S.A.R.L., MG Freesites Ltd., MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Québec Inc. (collectively, the "MindGeek Entity Defendants"). This declaration is not intended to address all the allegations in the Complaints relating to me directly or indirectly. I dispute the allegations of misconduct in the Complaints, and by not responding to each of those allegations here I do not concede the truth of those allegations.

**A.  Personal Background**

3. I am a citizen and resident of Canada.
4. I maintain a driver's license in Canada.
5. I own real property in Canada.
6. I am registered to vote in Canada.
7. I receive my mail in Canada.
8. I have resided in Canada from 1978 to 1996 and from 1997 to the present.
9. I intend to maintain my residence in Canada.

**B.  Employment History and Terms**

10. At all relevant times, the terms of my employment were governed by an employment agreement with 9219-1568 Québec Inc. ("9219 Inc."), a corporation established under the laws of the Province of Québec.

11. Between in or about May 2010 and June 2022, I was employed by 9219 Inc. as its Chief Operating Officer and worked in its principal office located at 7777 Boulevard Décarie, Montréal, Québec, Canada.

12. As the Chief Operating Officer, I reported to 9219 Inc.'s Chief Executive Officer, Feras Antoon.

13. In connection with my employment by 9219 Inc., I provided and oversaw managerial services to various MindGeek-affiliated entities, pursuant to services agreements between 9219 Inc. and the various MindGeek-affiliated entities.

14. On or about March 22, 2018, I entered into a Further Amended and Restated Executive Employment Agreement (the "Employment Agreement") with 9219 Inc.

15. Pursuant to the terms of the Employment Agreement, I received a base salary and was eligible for an annual bonus authorized by the 9219 Inc.'s Board of Directors (the "9219 Inc. Board"), paid vacation, a monthly car allowance, and participation in a benefits plan.

16. In connection with this employment, I held one preferred share of 9219 Inc. About 20 individuals likewise each held one preferred share of 9219 Inc. The 9219 Inc. Board, in its sole discretion, declared and paid dividends in respect of such share, which were bound by the limitations set by MindGeek's lenders and by the shareholders' agreement.

17. In or about June 2022, I executed a separation agreement with 9219 Inc.

**C.   Economic Interest**

18. Since in or about 2013, in connection with my employment by 9219 Inc. and pursuant to the Shareholders Agreement discussed below, I held an approximate 10% beneficial economic interest in the MindGeek group of entities.

19. MindGeek S.à.r.l. ("MindGeek Luxembourg"), a corporation incorporated under the laws of the Grand Duchy of Luxembourg, with its registered office at 46 Grand Rue, L-1660 Luxembourg, Grand Duchy of Luxembourg, entered into a Shareholders' Agreement dated as of October 13, 2013, with several other entities, as follows: FDCO Holding, Inc. ("FDCO Holding");[1] Share Investments S.A.; Coginvest S.A.; Acaju Investments S.A.; MindGeek RK S.à r.l.; RK holdings, LLC; MindGeek RK S.à r.l.; and RT Holding S.à r.l. (the "Shareholders' Agreement").

20. The Shareholders' Agreement was amended as of March 22, 2018 (the "Amendment").

21. FDCO Holding was a company organized under the laws of Canada, with its principal office located in Montréal, Québec, Canada.

22. Pursuant to the Shareholders' Agreement, FDCO Holding regularly received (i) financial statements prepared for and delivered by MindGeek Luxembourg; (ii) independent auditor's reports from MindGeek Luxembourg's auditor, Raymond Chabot Grant Thornton LLP; (iii) minutes from meetings of the MindGeek Luxembourg shareholders; and (iv) written resolutions of the MindGeek Luxembourg shareholders.

23. Prior to on or about March 2023, FDCO Holding held an approximate 31% interest in MindGeek Luxembourg.

24. 9288-1275 Québec, Inc. ("9288-1275 Québec"), a Québec company, held approximately 32% of the shares of FDCO Holding.

25. 9288-1259 Québec, Inc. ("9288-1259 Québec"), a Québec company, held approximately 68% of the shares of FDCO Holding.

---

[1] FDCO Holding Inc. used to be known as MindGeek Holding Inc.

- 3 -
DECLARATION OF DAVID TASSILLO

26. Prior to in or about March 2023, I held the preferred shares and, indirectly as a beneficiary of a family trust, held all common shares in 9288-1275 Québec.

27. Pursuant to the Shareholders' Agreement and Amendment thereto, MindGeek Luxembourg distributed dividend payments to shareholders, including FDCO Holding, in amounts determined by the MindGeek Luxembourg Board of Directors (the "MindGeek Luxembourg Board") or by the general meeting of shareholders provided the conditions for declaring a dividend were met, in conformance with limitations set by MindGeek's lenders.

28. I was not a member of the MindGeek Luxembourg Board.

29. In years in which dividends were paid, that dividend was paid by MindGeek Luxembourg to FDCO Holding, and further distributed in proportion to the holdings in FDCO Holding.

30. Between in or about 2013 and 2016, MindGeek Luxembourg did not pay shareholder dividends.

31. Between in or about 2013 and 2016, I received the equivalent of dividend payments in the form of a bonus pursuant to MindGeek lender consent and a profit-sharing mechanism that was in place at 9219 Inc. That profit-sharing mechanism applied to many other individuals as well.

32. Those bonus payments were taxed at a greater percentage than the tax levied on dividends distributed starting in or around 2017 via MindGeek Luxembourg.

33. In or about March 2023, FDCO Holding sold its approximate 31% interest in MindGeek Luxembourg to ECP One Ltd.

**D.   Personal and Corporate Separateness**

34. At all relevant times, I maintained a separation between personal and corporate financial affairs of all MindGeek entities.

35. I have not shared a bank account with either 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendant.

36. I have not had access to any bank account owned by 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendant.

37. I have not been personally liable for any debts of 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendant.

38. I have not borrowed money from 9219 Inc., MindGeek Luxembourg, or any other MindGeek Entity Defendant.

39. The directors and officers of 9219 Inc. and MindGeek Luxembourg were not identical.

**E.    Certain Investments**

40. At certain times during my employment by 9219 Inc., I owned investment properties. In connection with the management of certain of my properties, some personnel of 9219 Inc. occasionally performed services for those units as a favor.

41. On the occasions that personnel of 9219 Inc. volunteered their personal services, the provision of such services did not interfere with personnel's work for 9219 Inc., to the best of my knowledge. No employee was reprimanded for not getting their work done for 9219 Inc.

***

42. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 30, 2024

David Tassillo

- 5 -
DECLARATION OF DAVID TASSILLO