DAN MARMALEFSKY
(CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

RONALD G. WHITE
(admitted pro hac vice)
RWhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY 10281
Telephone: 212-335-2387
Facsimile: 212-335-2040

Attorneys for Defendant Bernd Bergmair

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| K.A.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MINDGEEK S.A.R.L., et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-04786-WLH-ADS<br><br>**DEFENDANT BERND BERGMAIR'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION [FRCP 12(B)(2)] AND FOR FAILURE TO STATE A CLAIM [FRCP 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 31, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed: June 7, 2024<br>Trial Date: None Set |

## <u>NOTICE OF MOTION AND MOTION</u>

### TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2025 at 1:30 pm, or as soon thereafter as the matter may be heard, before the Honorable Wesley L. Hsu, in Courtroom 9B of the First Street Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Bernd Bergmair will and does hereby move to dismiss the Complaint filed by Plaintiff K.A. in its entirety.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2), on the grounds that the Court lacks personal jurisdiction over Defendant Bergmair, and Rules 12(b)(6) and 9(b), on the grounds that the Complaint fails to state a claim against him upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; Defendant Bergmair's Motion to dismiss in *Fleites v. MindGeek, et al.*, Docket No. 2:21-cv-4920-WLH-ADS (C.D. Cal.) and Memorandum of Points and Authorities in support thereof; the Motions and Memoranda of Points and Authorities in support thereof of the other Defendants in this action and in *Fleites*; the pleadings and other records in the Court's file; and such other written and oral argument as may be presented to the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 14, 2024.

Dated: October 30, 2024

By: */s/ Ronald G. White*
RONALD G. WHITE
(admitted *pro hac vice*)
rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY  10281
Tel: (212) 335-2387
Fax: (212) 335-2040

DAN MARMALEFSKY (CA SBN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant Bernd Bergmair

# **TABLE OF CONTENTS**

**Pages**

NOTICE OF MOTION AND MOTION ..................................................................... i

INTRODUCTION ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................... 4

ARGUMENT ................................................................................................. 8

I.    Plaintiffs have not established personal jurisdiction over Bergmair ............. 8

    A.    The Complaints' "Group Pleading" allegations are insufficient to establish personal jurisdiction over Bergmair. ................................. 8

    B.    The Complaints' remaining allegations are insufficient to establish personal jurisdiction over Bergmair. ................................. 10

II.   Plaintiffs have failed to state a claim against Bergmair. ........................... 14

    A.    Section 230 bars all of Plaintiffs' claims against Bergmair. ............. 14

    B.    The Complaints' generalized allegations fail to state a claim. ........... 14

        1.    The Complaints' "Group Pleading" allegations are insufficient to state a claim against Bergmair. ........................ 14

        2.    The Complaints do not plead facts establishing that Bergmair was the guiding spirit or a direct participant in the alleged tortious conduct. ..................................................... 15

    C.    The Complaints fail to properly allege a valid claim on specific counts. ........................................................................................ 16

        1.    The federal trafficking claims (Counts I and IV) fail to state a claim. ............................................................................ 16

        2.    The federal child pornography claims (Counts V and VI) fail to state a claim. ..................................................... 17

        3.    The California common law claims (Counts VII, VIII, IX, X, XIII, XVI, XVII) fail to state a claim. ................................ 17

        4.    The California statutory claims (Counts XI, XII, XIV, XV) fail to state a claim. ..................................................... 19

CONCLUSION...............................................................................................21

BERGMAIR NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Pages**

## Cases

*A.B. v. Hilton Worldwide Holdings, Inc.*,
    484 F. Supp. 3d 921 (D. Or. 2020)................................................................ 12

*Addaday, Inc. v. Artist Int'l Co.*,
    2022 WL 1516053 (C.D. Cal. Feb. 22, 2022).............................................. 18

*Aldini AG v. Silvaco, Inc.*,
    2022 WL 20016826 (N.D. Cal. Aug. 3, 2022).............................................. 19

*Beatport LLC v. SoundCloud Ltd*,
    2020 WL 3977602 (C.D. Cal. July 13, 2020) ............................................... 9

*Bristol-Myers Squibb Co. v. Superior Ct.*,
    137 S. Ct. 1773 (2017) ................................................................................ 13

*Broidy Capital Mgmt. v. Qatar*,
    2018 WL 9943551 (C.D. Cal. Aug. 22, 2018) .............................................. 9

*Calder v. Jones*,
    465 U.S. 783 (1984) ...................................................................................... 9

*Coastal Abstract Service, Inc. v. First American Title Ins. Co.*,
    173 F.3d 725 (9th Cir. 1999)...................................................................... 15

*Corazon v. Aurora Loan Services, LLC*,
    2011 WL 1740099 (N.D. Cal. May 5, 2011) ............................................... 15

*Core-Vent Corp. v. Nobel Industries AB*,
    11 F.3d 1482 (9th Cir. 1993)...................................................................... 11

*Coste v. Fox Beverage USA Inc.*,
    2023 WL 8522987 (C.D. Cal. Oct. 10, 2023).............................................. 11

*Davis v. Metro Prods., Inc.*,
    885 F.2d 515 (9th Cir. 1989)...................................................................... 15

*Diamond Multimedia Sys., Inc. v. Superior Ct.*,
    19 Cal. 4th 1036 (Cal. 1999)................................................................. 18, 20

*Doe v. American Red Cross*,
 112 F.3d 1048 (9th Cir. 1997)........................................................12

*Dole Food Co. v. Watts*,
 303 F.3d 1104 (9th Cir. 2002)........................................................13

*E.D.C. Technologies, Inc. v. Seidel*,
 2016 WL 4549132 (N.D. Cal. Sept. 1, 2016) .................................15

*Facebook, Inc. v. Power Ventures, Inc.*,
 844 F.3d 1058 (9th Cir. 2016)........................................................15

*Fagbohungbe v. Caltrans*,
 2014 WL 644008 (N.D. Cal. Feb. 19, 2014)..................................15

*Fleites v. MindGeek*,
 2022 WL 1314035 (C.D. Cal. Feb. 10, 2022)...................................4

*Fleites v. MindGeek*,
 2022 WL 4455558 (C.D. Cal. July 29, 2022) ...................................9

*Gerritsen v. Warner Bros. Ent. Inc.*,
 112 F. Supp. 3d 1011 (C.D. Cal. 2015)..........................................11

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
 485 F.3d 450 (9th Cir. 2007)..........................................................12

*In re Boon Global Ltd.*,
 923 F.3d 643 (9th Cir. 2019)......................................................9, 11

*In re Western States Wholesale Natural Gas Antitrust Litigation*,
 715 F.3d 716 (9th Cir. 2013)..........................................................12

*Johnson v. UBS AG*,
 860 F. App'x 531 (9th Cir. 2021)....................................................12

*Norwest Mortgage, Inc. v. Superior Court*,
 72 Cal. App. 4th 214 (Cal. Ct. App. 1999) .....................................21

*Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*,
 2016 WL 7177532 (C.D. Cal. May 26, 2016) ................................12

*Ratha v. Rubicon Resources, LLC*,
 111 F.4th 946 (9th Cir. 2024).........................................................17

*Russo v. APL Marine Servs., Ltd.*,
    135 F. Supp. 3d 1089 (C.D. Cal. 2015), *aff'd*, 694 F. App'x 585 (9th
    Cir. 2017)................................................................................................18

*Securities and Exchange Comm'n v. Ferrante*,
    2019 WL 8230852 (C.D. Cal. Jan. 23, 2019) ...............................14

*Sollberger v. Wachovia Sec., LLC*,
    2010 WL 2674456 (C.D. Cal. June 30, 2010) ..............................14

*Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*,
    405 F. Supp. 2d 1141 (C.D. Cal. 2005)........................................20

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (Cal. 2011) .......................................................20

*Symettrica Ent., Ltd. v. UMG Recordings, Inc.*,
    2019 WL 8806093 (C.D. Cal. Sept. 20, 2019)............................11

*Vess v. Ciba-Geigy Corp., USA*,
    317 F.3d 1097 (9th Cir. 2003)......................................................14

*Warner v. Tinder, Inc.*,
    105 F. Supp. 3d 1083 (C.D. Cal. 2015)........................................20

*Yost v. Nationstar Mortgage, LLC*,
    2013 WL 4828590 (E.D. Cal. Sept. 9, 2013) ...............................15

*Zakikhan v. Hyundai Motor Co.*,
    2021 WL 4805454 (C.D. Cal. June 28, 2021) ..............................19

**Statutes**

18 U.S.C § 1594(c) ..............................................................................16

18 U.S.C. § 2252..................................................................................17

18 U.S.C. §1591....................................................................................16

18 U.S.C. §1595.............................................................................16, 17

47 U.S.C. § 230............................................................................2, 14, 16

CA Penal Code § 236.1 ...................................................................19, 20

Cal. Civ. Code § 1708.85......................................................................19

BERGMAIR NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Cal. Civ. Code § 3344.................................................................................................19

**<u>Rules</u>**

Fed. R. Civ. P 12(b)(2) ..................................................................................................i

Fed. R. Civ. P 12(b)(6) ............................................................................................i, 16

Fed. R. Civ. P. 8(a) .....................................................................................................14

Fed. R. Civ. P. 9(b) .................................................................................................i, 14

BERGMAIR NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# **INTRODUCTION**

Several years after the Court found that Plaintiff's counsel had improperly joined claims that were factually dissimilar in *Fleites v. MindGeek S.à.r.l.,*[1] and severed all but one of the 34 plaintiffs in that case, Plaintiff's counsel filed this case and 13 other related cases[2] (collectively, "Related Cases") on behalf of individual plaintiffs against MindGeek and its individual former shareholders, including defendant Bernd Bergmair. Although the factual circumstances of each of the individual Plaintiffs in the Related Cases differ from those in *Fleites*, the claims and allegations in the Related Cases are similar to *Fleites* – and similarly deficient. As demonstrated in Bergmair's motion to dismiss the Second Amended Complaint ("SAC") in *Fleites*,[3] Plaintiff Serena Fleites, even on her third bite at the apple and with the benefit of extensive jurisdictional discovery, was unable to establish a basis for personal jurisdiction over Bergmair. Bergmair's motion to dismiss (and those of

---

[1] Docket No. 2:21-cv-4920-WLH-ADS (C.D. Cal.) ("*Fleites*").

[2] In addition to the above-captioned case, the other Related Cases (and their dates of filing) are: *L.T. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04791-WLH-ADS (C.D. Cal. June 7, 2024); *N.L. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04788-WLH-ADS (C.D. Cal. June 7, 2024); *N.Y. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04801-WLH-ADS (C.D. Cal. June 7, 2024); *T.C. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04795-WLH-ADS (C.D. Cal. June 7, 2024); *X.N. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04800-WLH-ADS (C.D. Cal. June 7, 2024); *J.C. v. MindGeek S.à.r.l., et al.*, No. 2:24-cv-04971-WLH-ADS (C.D. Cal. June 12, 2024); *C.S. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04992-WLH-ADS (C.D. Cal. June 13, 2024); *S.O. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04998-WLH-ADS (C.D. Cal. June 13, 2024); *W.L. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-04977-WLH-ADS (C.D. Cal. June 13, 2024); *L.S. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-05026-WLH-ADS (C.D. Cal. June 14, 2024); *A.K. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-05190-WLH-ADS (C.D. Cal. June 20, 2024); *W.P. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-05185-WLH-ADS (C.D. Cal. June 20, 2024); *J.L. v. MindGeek S.à.r.l,, et al.*, No. 2:24-cv-07046-WLH-ADS (C.D. Cal. Aug. 20, 2024).

[3] Defendant Bernd Bergmair's Motion to Dismiss Plaintiff's Second Amended Complaint in *Fleites*, ECF No. 433 ("Bergmair Motion").

---

BERGMAIR NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

the other defendants) in *Fleites* also established that plaintiff's claims were barred by Section 230 of the Communications Decency Act[4] ("Section 230"). Finally, Bergmair's motion to dismiss demonstrated that, even if Fleites could surmount the personal jurisdiction and Section 230 hurdles, the allegations in the SAC were insufficient to state a claim against Bergmair. Here, the complaints in the Related Cases ("Complaints"), with their conclusory, group-pleading allegations, are even more deficient than the *Fleites* SAC.

Plaintiffs in the Related Cases, just like plaintiff Fleites, cannot get around the fact that Bergmair is a resident of China, who does not live or work in or have any connection to California or the United States. Bergmair is alleged, at most, to have been an indirect former shareholder, with no management position, of a corporation based outside the United States that Plaintiffs claim injured them. Despite running over 450 paragraphs, the Complaints in the Related Cases do not describe a single concrete act by Bergmair in furtherance of any of the tortious conduct Plaintiffs allege, much less any directed at California. The Complaints do not allege that Bergmair had any contact with Plaintiffs or their videos, or even knew of their existence, much less knew in what state or country they resided.

In addition to the grounds set forth in Bergmair's motion to dismiss in *Fleites*, the Complaints in the Related Cases are deficient for additional reasons as well. **First**, virtually all the allegations involving Bergmair consist of "group pleading," lumping all the individual defendants together without differentiating their roles. This approach is insufficient to either establish personal jurisdiction over Bergmair or state a claim against him.

**Second**, unlike the California-resident plaintiff in *Fleites*, Plaintiffs in 12 of the 14 Related Cases are not California residents. Six of them allege that they were residents of states other than California at the time their claims arose (collectively,

---

[4] 47 U.S.C. § 230.

"Non-CA Plaintiffs").[5] Six others allege that they were residents of foreign counties at the time their claims arose (collectively, "Foreign Plaintiffs").[6] As a result, these Plaintiffs are unable to establish a required element of personal jurisdiction: that they were injured by Bergmair's purported California-related conduct. Here, the Complaints allege no conduct by Bergmair in California at all. But even if some had been alleged, these Plaintiffs resided outside California when the allegedly tortious conduct occurred, so their injuries were necessarily sustained in other states and countries and could not have arisen from any California-related actions of Bergmair. On this basis alone, the 12 Related Cases brought by Non-CA Plaintiffs and Foreign Plaintiffs should be dismissed for lack of personal jurisdiction.

**Third**, Non-CA Plaintiffs and Foreign Plaintiffs have no standing to bring claims under California statutory or common law. California law does not reach conduct outside California or address injuries to parties outside California. On this basis, all 11 of these Plaintiffs' California law claims against Bergmair should be dismissed. And since their remaining four claims against Bergmair based on federal statutes fail for the reasons set forth in Bergmair's motion to dismiss in *Fleites*, the entire Complaint in each of these cases should be dismissed.[7]

Based on the arguments in this motion and in Bergmair's motion to dismiss in *Fleites*, the Court should dismiss the Complaints in all 14 of the Related Cases with prejudice for both lack of personal jurisdiction and failure to state a claim for relief.

---

[5] Plaintiffs K.A. (Missouri); T.C. (Rhode Island); N.L. (Colorado); J.C. (New York); A.K. (Florida); and L.T. (New Hampshire).

[6] Plaintiffs N.Y. (United Kingdom); C.S. (Thailand); S.O. (Thailand); W.P. (Thailand); X.N. (Colombia); and L.S. (Colombia).

[7] The complaints of the two California-resident plaintiffs (Plaintiffs J.L. and W.L.) should similarly be dismissed for the reasons set forth in this motion and Bergmair's motion in *Fleites*, as well as the motions of the other defendants in this case and *Fleites*.

## **FACTUAL BACKGROUND**

On June 17, 2021, Serena Fleites and 33 Jane Doe plaintiffs filed a lawsuit against the same MindGeek entities and former shareholders as in this action, raising essentially the same allegations and claims. *Fleites*, ECF No. 1. On February 10, 2022, the Court (Carney, J.) granted the MindGeek defendants' motion to sever, ruling that the individual plaintiffs' claims were "predicated on vastly different factual scenarios," and as a result, did not present "common questions of law or fact." *Fleites v. MindGeek,* 2022 WL 1314035 at *6 (C.D. Cal. Feb. 10, 2022). The Court held that the plaintiffs' allegations regarding the creation of the content ultimately posted to MindGeek websites "differ[ed] substantially in where the improper conduct allegedly occurred, how it occurred and who perpetrated the conduct." *Id*. at *4. The Court similarly found that the plaintiffs' videos were posted to MindGeek's platforms at different time periods, and that each plaintiff's interactions with MindGeek were "unique and factually distinct." *Id*. The Court ultimately concluded that, in light of the wide variation in plaintiffs' individual factual allegations, a "trial would be unmanageable and would be difficult to present in a manner" that would not cause jury confusion. *Id*. at *8. As a result, the Court severed the 33 Doe plaintiffs and the *Fleites* case proceeded with the single named plaintiff. *Id*.

Over two years later, between June 7, 2024 and August 20, 2024, 14 Plaintiffs filed virtually identical Complaints in the Related Cases against the MindGeek corporate defendants and former shareholders. At least eight of the Plaintiffs appear to be among the plaintiffs severed by the Court in *Fleites* in February 2022.[8] With the exception of several paragraphs in each Complaint regarding the individual

---

[8] Plaintiff N.Y. (Jane Doe No. 2 in *Fleites*); Plaintiff N.L. (Jane Doe No. 3 in *Fleites*); Plaintiff T.C. (Jane Doe No. 5 in *Fleites*); Plaintiff X.N. (Jane Doe No. 8 in *Fleites*); Plaintiff L.S. (Jane Doe No. 9 in *Fleites;* Plaintiff C.S. (Jane Doe No. 10 in *Fleites*); Plaintiff S.O. (Jane Doe No. 12 in *Fleites*); Plaintiff W.P. (Jane Doe No. 13 in *Fleites*).

Plaintiff's specific circumstances, the Complaints in the Related Cases are virtually identical. As a result, pursuant to a stipulation of the parties, the Court ordered defendants to file in this *K.A.* case one omnibus motion to dismiss the 14 Related Cases, which could incorporate by reference arguments made in the defendants' motions to dismiss the SAC in the *Fleites* case, which were filed August 30, 2024.[9] As further directed by the Court, notices referencing the instant omnibus motion to dismiss are being contemporaneously filed in the other 13 Related Cases.

Although the individual circumstances vary widely, each Related Cases Plaintiff alleges that when she was a minor, she was featured in sexually explicit videos that third parties later posted on websites operated by one or more of the MindGeek group of entities (collectively, "MindGeek"). June Compl.[10] ¶¶ 311 *et seq.*; J.L. Compl. ¶¶ 309 *et seq.* Setting aside the Complaints' dozens of pages of accusations that have nothing whatsoever to do with the Related Cases Plaintiffs' claims, the gist of each Plaintiff's allegations is that MindGeek did not employ effective content "moderation," *i.e.*, monitoring of content uploaded by third-party users to screen for underage content, in violation of its published terms of service. June Compl. ¶¶ 2, 57-58, 67-68, 73; J.L. Compl. ¶¶ 2, 55-56, 65-66, 71. Two of the Related Cases Plaintiffs (J.L. and W.L.) allege that they were residents of California at the time their claims arose. J.L. Compl. ¶ 10; W.L. Compl. ¶ 10. The remaining 12 Related Cases Plaintiffs – Non-CA Plaintiffs and Foreign Plaintiffs[11] – allege no

---

[9] October 9, 2024 Order Granting Joint Stipulation to Request Limited Coordination for Purposes of Responding to Complaints in Related Cases (ECF No. 54). The Court's Order also expanded the page limit for this brief to 50 pages.

[10] Citations to "June Compl." refer to the complaints in all the Related Cases filed in June 2024 (*i.e.*, all the Related Cases except *J.L.*). References to specific complaints will be referred to by the plaintiff's initials followed by "Compl." (*e.g.*, J.L. Compl.).

[11] *See* footnotes 4 and 5 above.

connection to California.[12]

The Complaints acknowledge that Bergmair resides in Hong Kong, China, was merely a shareholder in MindGeek and held no management position. June Compl. ¶ 17; J.L. Compl. ¶ 17. The Complaints further concede that defendants Feras Antoon and David Tassillo, whom they describe as MindGeek's "defacto" CEO and COO, "handl[ed] the direct day-to-day implementation" of the company's operations. June Compl. ¶¶ 18-19, 112; J.L. Compl. ¶¶ 18-19, 110. Even though each of the Complaints contains over 450 paragraphs, only a handful of them attribute any conduct to Bergmair individually. The vast majority of the references to Bergmair are in the form of "group pleading" – allegations attributing conduct to all the Individual Defendants[13] as a group, without differentiating between them. Twenty-five paragraphs of the Complaints attribute conduct to the "Individual Defendants," making no distinction between them (June Compl. ¶¶ 6-7, 14-16, 20-23, 104, 112, 150-52, 154, 160, 199-200, 236, 247, 260, 270, 300, 302-03; J.L. Compl. ¶¶ 6-7, 14-16, 20-23, 102, 110, 148-50, 152, 158, 197-199, 234, 245, 258, 268, 298, 300-01), while another fifteen paragraphs allege conduct by all three defendants using their names but without differentiating among them (June Compl. ¶¶ 2, 17-19, 111, 113, 138, 157, 202-04, 207, 209, 216, 238; J.L. Compl. ¶¶ 2, 15-17, 109, 111, 136, 155, 200-02, 205, 207, 214, 236). The Complaints cite no concrete actions by Bergmair directing or implementing the MindGeek content moderation policies supposedly applied to Plaintiffs' videos. Instead, the Complaints simply repeat, in various formulations, that Bergmair, along with the

---

[12] K.A. Compl. ¶ 10; L.T. Compl. ¶ 10; N.L. Compl. ¶ 10; N.Y. Compl. ¶ 10; T.C. Compl. ¶ 10; X.N. Compl. ¶ 10; J.C. Compl. ¶ 10; C.S. Compl. ¶ 10; S.O. Compl. ¶ 10; L.S. Compl. ¶ 10; A.K. Compl. ¶ 10; W.P. Compl. ¶ 10.

[13] The Complaints define the Individual Defendants as including Bergmair and defendants Antoon and Tassillo. June Compl., p.1; J.L. Compl., p.1.

other former shareholders, adopted an "unrestricted content model" for MindGeek.[14] June Compl. ¶¶ 2, 17, 111-12, 114, 150-59; J.L. Compl. ¶¶ 2, 17, 109-10, 112, 148-57.    The Complaints also allege that Bergmair approved MindGeek's major decisions but identify no such decisions other than the supposed adoption of its "unrestricted content model."  June Compl. ¶¶ 2, 17-19, 111-12, 114, 152, 159, 302; J.L. Compl. ¶¶ 2, 17-19, 109-10, 112, 150, 157, 300.  The Complaints essentially allege *inaction* by Bergmair since they allege that MindGeek was already operating such an "unrestricted content model" prior to Bergmair's investment in the company (June Compl. ¶¶ 112, 152-53; J.L. Compl. ¶¶ 110, 150-51) and that the company thereafter took no action to screen for underage content (June Compl. ¶¶ 60, 71, 83, 91, 108, 114, 151; J.L. Compl. ¶¶ 58, 69, 81, 89, 106, 112, 149).  The Complaints allege no conduct by Bergmair in or aimed at California, or anywhere else in the United States.  The Complaints similarly do not allege that Bergmair had any dealings with the Related Cases Plaintiffs, or even knew of their existence.  Nor do the Complaints allege any action taken by Bergmair with respect to the videos depicting the Plaintiffs.

The Complaints also include boilerplate allegations that there were "hundreds" of MindGeek corporate entities and that all of them were alter egos of each and every one of the others and of each of the Individual Defendants.  June Compl. ¶¶ 20-23, 300; J.L. Compl. ¶¶ 20-23, 298.  These alter ego allegations simply

---

[14] The Complaints also contain a host of allegations that Bergmair, along with the other Individual Defendants, took certain actions that have nothing to do with each Plaintiff's claims regarding how MindGeek handled the videos featuring her.  These allegations, which mostly relate to MindGeek's responses to media stories that did not involve Plaintiffs and that were published years after their videos first supposedly appeared on MindGeek sites, are irrelevant.  These allegations similarly constitute impermissible "group pleading" – describing a MindGeek corporate action and then appending a boilerplate allegation that it was directed by all the Individual Defendants, or by defendants Antoon and Tassillo "in consultation" with Bergmair.  June Compl. ¶¶ 138, 200, 202-04, 207, 209, 216, 238; J.L. Compl. ¶¶ 136, 198, 200-02, 205, 207, 214, 236.

recite, with no factual detail regarding Bergmair, the hornbook elements of the alter ego doctrine. *Id*.

In support of this motion to dismiss, Bergmair submitted a declaration stating, in relevant part, that: (1) he is a resident of China, who does not reside or work in the United States; (2) prior to these litigations, he was unaware of the existence of the Related Cases Plaintiffs or their videos; (3) while he was a MindGeek shareholder, he did not direct MindGeek's day-to-day operations or set or approve its corporate policies and practices and that the company was instead managed by a full-time senior management team; and (4) he did not adopt or maintain an "unrestricted content" business model at MindGeek or direct or implement MindGeek's content moderation policies and practices.   Declaration of Bernd Bergmair in Support of Motion to Dismiss Plaintiff's Complaint ("Bergmair Decl.") at ¶¶ 2-7.

## ARGUMENT[15]

### I.     Plaintiffs have not established personal jurisdiction over Bergmair.

#### A.     The Complaints' "Group Pleading" allegations are insufficient to establish personal jurisdiction over Bergmair. [16]

Despite their length, only a handful of allegations in the Complaints attribute any conduct to Bergmair individually.   The vast majority of the references to Bergmair are in the form of impermissible "group pleading" – allegations attributing conduct to all the Individual Defendants as a group, without differentiating between them.  Forty separate paragraphs of the Complaints allege conduct collectively by the

---

[15] In addition to the arguments set forth here, Bergmair joins in the motions submitted by all other defendants, as applicable.

[16] There is no serious argument that Bergmair is subject to general jurisdiction in this district.  The Complaint confirms that Bergmair resides in China (June Compl. ¶ 17; J.L. Compl. ¶ 17) and alleges no contacts with California, much less the "continuous and systematic" contacts needed to establish general jurisdiction over him.  Bergmair Motion at 10, n.10.

"Individual Defendants" or by all three defendants using their names – as if that excuses the lack of specificity – but without differentiating among them.  June Compl. ¶¶ 2, 6-7, 14-19, 20-23, 104, 111-13, 138, 150-52, 154, 157, 160, 199-200, 202-04, 207, 209, 216, 236, 238, 247, 260, 270, 300, 302-03; J.L. Compl. ¶¶ 2, 6-7, 14-19, 20-23, 102, 109-11, 136, 148-50, 152, 155, 158, 197-198, 200-02, 205, 207, 214, 234, 236, 245, 258, 268, 298, 300-01.  This is plainly insufficient to establish personal jurisdiction.  As the Supreme Court has mandated, "each party's contacts with the forum state must be assessed individually."  *In re Boon Global Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)).  Such pervasive use of group pleading cannot satisfy Plaintiffs' burden to establish the sort of individualized facts required to support personal jurisdiction over Bergmair, who is admittedly a foreign resident.  Indeed, the Court previously put Plaintiff's counsel on notice in *Fleites* that the same threadbare allegations were not sufficient to establish personal jurisdiction.  *Fleites v. MindGeek*, 2022 WL 4455558 at *3 (C.D. Cal. July 29, 2022) (noting the "group-pleading problem that unfortunately plagues Plaintiff's [complaint]" in which plaintiff lumped all the individual defendants together as responsible for all of MindGeek's practices and policies).  *See Beatport LLC v. SoundCloud Ltd*, 2020 WL 3977602 at *6 (C.D. Cal. July 13, 2020) (finding plaintiff's group pleading insufficient to establish personal jurisdiction over foreign defendant and holding that it is "implausible" and "obviously conclusory" for a plaintiff to "say that A and B (and C and D) all did the same thing to me, without making any attempt to distinguish between the parties or to explain in any way the basis for their alleged culpability"); *Broidy Capital Mgmt. v. Qatar*, 2018 WL 9943551 at *7 (C.D. Cal. Aug. 22, 2018) (plaintiff cannot establish personal jurisdiction by alleging without differentiation that "defendants" took actions in or aimed at California "because those sorts of 'shotgun' pleadings do not satisfy Plaintiffs' burden to demonstrate personal jurisdiction with respect to each defendant").

1    **B.    The Complaints' remaining allegations are insufficient to establish**
2    **personal jurisdiction over Bergmair.**

3    The Complaints' handful of remaining allegations against Bergmair are
4    insufficient to establish specific jurisdiction over him.  The allegations in *Fleites* fall
5    well short of establishing jurisdiction over Bergmair (Bergmair Motion at 9-34), and
6    the conclusory, formulaic allegations in the Related Cases are even more inadequate.
7    The allegations in the Related Cases are even more flawed than in *Fleites* in several
8    respects.

9    **First**, the *Fleites* SAC at least had some factual allegations regarding alter
10    ego – even though they did not come remotely close to demonstrating an alter ego
11    relationship between Bergmair and any MindGeek company.  Bergmair Motion at
12    17-30.  By contrast, the Related Cases Complaints do nothing more than string
13    together boilerplate conclusory allegations.  With respect to the unity of interest
14    prong, the Related Cases Complaints simply recite, with no factual detail regarding
15    Bergmair, the hornbook elements of the alter ego doctrine and assert that each
16    MindGeek corporation is an alter ego of every other one and of every individual
17    MindGeek defendant.  June Compl. ¶¶ 20-23, 300; J.L. Compl. ¶¶ 20-23, 298.  With
18    respect to the injustice prong, the Complaints' only allegation is a single conclusory
19    sentence stating that recognizing MindGeek's corporate form would "promote
20    injustice." June Compl. ¶ 23; J.L. Compl. ¶ 23.   This is plainly insufficient.  Indeed,
21    nowhere do the Complaints allege that any of the MindGeek defendant entities are
22    insolvent or otherwise unable to satisfy a judgment; instead, the Complaints make
23    clear that MindGeek has substantial assets.[17]   Conclusory allegations of alter ego
24    status are insufficient to confer personal jurisdiction; rather, a plaintiff must allege

25

26    ───────────────────
27    [17] For example, the Related Cases Complaints allege that MindGeek is a "dominant" monopoly in its industry (June Compl. ¶ 2; J.L. Compl. ¶ 2) earns "enormous sums of money" (June Compl. ¶¶ 1, 9; J.L. Compl. ¶¶ 1, 9) and in one recent year, one of
28    its businesses had revenues of $460 million (June Compl. ¶ 37; J.L. Compl. ¶ 35).

specific facts supporting the elements of alter ego liability. *See Coste v. Fox Beverage USA Inc.*, 2023 WL 8522987 at *5 (C.D. Cal. Oct. 10, 2023) (Hsu, J.) (rejecting alter ego claim where complaint "lacks specific facts" and "merely recites the [alter ego] elements in a conclusory fashion"). *See also In re Boon Global*, 923 F.3d at 654; *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, 2019 WL 8806093, at *4 (C.D. Cal. Sept. 20, 2019); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015). In addition to what the Related Cases Complaints lack, they include a concession that Bergmair did *not* control MindGeek's day-to-day operations. June Compl. ¶ 112 (Antoon and Tassillo "handl[ed] the direct day-to-day implementation" of MindGeek's operations); J.L. Compl. ¶ 110 (same).[18] Since the Ninth Circuit has repeatedly identified control of a corporation's daily operations as an indispensable element of an alter ego claim (Bergmair Motion at 21), the Related Cases Complaints' own allegations refute the claim that Bergmair was an alter ego of MindGeek.

**Second**, as demonstrated in Bergmair's motion in *Fleites*, the plaintiff there failed to satisfy the third prong of the *Calder* test, which requires that the defendant's conduct caused harm "which is suffered – and which the defendant knows is likely to be suffered – in the forum state." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993). Since the *Fleites* complaint did not allege that Bergmair knew the plaintiff, he could not have known anything about where she would allegedly suffer harm. Bergmair Motion at 31. Since there are no allegations that Bergmair knew of any of the Plaintiffs in the Related Cases, the same analysis applies to them. But 12 of the 14 Related Cases have an additional flaw. With respect to Foreign Plaintiffs and Non-CA Plaintiffs, their alleged injuries were not suffered in California at all, so Bergmair certainly could not have anticipated any

---

[18] Bergmair's declaration, submitted in support of his motion, confirms that he did not direct MindGeek's day-to-day operations, and that the company was managed by a full-time senior management team, which had been in place for several years before he invested in the company. Bergmair Decl. at ¶ 6.

1    harm to them in California.

2        **Third**, as Bergmair demonstrated in his motion in *Fleites*, the plaintiff there

3    was unable to establish the second element of specific jurisdiction, namely, that her

4    claims arose from Bergmair's alleged forum-related activities.  Bergmair Motion at

5    31-32.  To satisfy this element, Plaintiff must show a "direct nexus" between the

6    defendant's forum-related contacts and her cause of action.  *In re Western States*

7    *Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 742 (9th Cir. 2013).

8    Contacts that are too "attenuated" from the claims at issue do not satisfy this test.

9    *Doe v. American Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).  In the Related

10   Cases, the two California-resident Plaintiffs (J.L. and W.L.), just like plaintiff

11   Fleites, cannot establish the required "direct nexus" because Bergmair's alleged

12   conduct is too "attenuated" from her claims.  *Id*.  But Foreign Plaintiffs and Non-

13   CA Plaintiffs, who did not reside in California at the time the allegedly tortious

14   conduct occurred, even more clearly fail this element of the jurisdictional analysis

15   because their injuries were not sustained in California at all, but in other states and

16   countries.  As a result, their claims plainly did not arise from any California-related

17   actions of Bergmair.  *See Johnson v. UBS AG*, 860 F. App'x 531, 533 (9th Cir. 2021)

18   (affirming dismissal where plaintiff's claim did not arise out of defendant

19   corporation's activities in California); *Holland Am. Line Inc. v. Wartsila N. Am.,*

20   *Inc.*, 485 F.3d 450, 460–61 (9th Cir. 2007) (plaintiff's injury was sustained outside

21   forum state so it was unable to satisfy nexus requirement between its claim and

22   defendant's forum-related conduct); *A.B. v. Hilton Worldwide Holdings, Inc.*, 484

23   F. Supp. 3d 921, 933–34 (D. Or. 2020) (dismissing trafficking victim's suit against

24   hotel chains because she was trafficked at defendants' hotels in Washington and thus

25   their Oregon-focused conduct could not have been the cause of the harm sustained

26   in Washington); *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, 2016

27   WL 7177532, at *1–2 (C.D. Cal. May 26, 2016) (dismissing claims of plaintiffs

28   whose injuries did not arise out of defendant's California activities since "personal

jurisdiction must be established *for each defendant* and *by each plaintiff*") (emphasis in original) (citation omitted).  *See also Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781–82 (2017) (holding that, in lawsuit alleging injuries from pharmaceutical company's drug, California court did not have specific jurisdiction over claims by out-of-state plaintiffs because they did not suffer any harm in state, and explaining that "[w]hat is needed – and what is missing here – is a connection between the forum and the specific claims at issue").

**Fourth**, even if the Related Cases Plaintiffs were able to satisfy the first two elements of the specific jurisdiction test, the exercise of jurisdiction over Bergmair would not be reasonable.  As set forth in Bergmair's motion to dismiss in *Fleites*, five of the seven relevant factors in that case weigh against exercising jurisdiction over Bergmair.  Bergmair Motion at 32-34.  The same analysis applies here with respect to the Plaintiffs who are California residents (Plaintiffs J.L. and W.L.).  And the balance tips even more strongly against exercising jurisdiction with respect to Foreign Plaintiffs and Non-CA Plaintiffs, none of whom has any connection to California.  The fourth factor of the test focuses on the forum state's interest in adjudicating the dispute.  Where Plaintiffs are California residents, California has an interest in providing a forum for its residents who are tortiously injured.  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1115–16 (9th Cir. 2002).  But with respect to Foreign Plaintiffs and Non-CA Plaintiffs, California has no cognizable interest in providing a forum for disputes involving residents of other states, much less those involving residents of Thailand, Colombia and the United Kingdom.  As a result, this factor weighs against jurisdiction with respect to those Plaintiffs.  In sum, aside from the convenience of the plaintiff, which is accorded little weight, five of the remaining six factors weigh against jurisdiction in the cases of Plaintiffs J.L. and W.L., and all six weigh against jurisdiction in the cases of Foreign Plaintiffs and Non-CA Plaintiffs.  Thus, the balance of factors indicates that the exercise of jurisdiction over Bergmair in this district would not be reasonable in any of the 14

1  Related Cases, and most certainly not in the 12 actions brought by Foreign Plaintiffs

2  and Non-CA Plaintiffs.

3  **II.    Plaintiffs have failed to state a claim against Bergmair.**

4          Just as Plaintiffs are unable to establish personal jurisdiction over Bergmair,

5  their claims are barred by Section 230 and their allegations in the Related Cases

6  Complaints are insufficient to state any viable claim for relief.

7          **A.    Section 230 bars all of Plaintiffs' claims against Bergmair.**

8          As set forth in the motions to dismiss of the MindGeek Entity Defendants and

9  Bergmair in *Fleites*, all of the Related Cases Plaintiffs' claims against Bergmair are

10  barred by Section 230.  Bergmair Motion at 35.

11         **B.     The Complaints' generalized allegations fail to state a claim.**

12                **1.    The Complaints' "Group Pleading" allegations are**

13                **insufficient to state a claim against Bergmair.**

14         As discussed above, the vast majority of the references to Bergmair in the

15  Complaints are in the form of impermissible "group pleading" – allegations

16  attributing conduct to all the Individual Defendants as a group, without

17  differentiating between them.  Just as in the personal jurisdiction context, such group

18  pleading is insufficient to state a claim against Bergmair under Fed. R. Civ. P. 8(a).[19]

19  *See Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456 at *4-5 (C.D. Cal. June

20  30, 2010) (complaint's "shotgun pleading" failed to state a claim because of its

21  "impermissible lumping of Defendants" without making any specific allegations

22  _____

23  [19] The Complaints' allegations also plainly fail to satisfy the heightened pleading

24  requirements of Rule 9(b).  For example, Count XIV of the Complaints (alleging a
    violation of California Business and Professions Code §§ 17200 and 17500) sounds

25  in fraud, so Rule 9(b) requires that it set forth "the who, what when, where and how"

26  of the alleged misconduct.  *Securities and Exchange Comm'n v. Ferrante*, 2019 WL
    8230852, at * 3 (C.D. Cal. Jan. 23, 2019) (quoting *Vess v. Ciba-Geigy Corp., USA*,

27  317 F.3d 1097, 1106 (9th Cir. 2003).  The Complaints' vague allegations do not come

28  close to meeting the Rule 8(a) standard, much less Rule 9(b)'s requirements, where
    applicable.

against individual defendants); *E.D.C. Technologies, Inc. v. Seidel*, 2016 WL 4549132 at *9 (N.D. Cal. Sept. 1, 2016) (dismissing claim because "undifferentiated pleading against multiple defendants is improper"); *Fagbohungbe v. Caltrans*, 2014 WL 644008, at *3 n.4 (N.D. Cal. Feb. 19, 2014) (dismissing claim where complaint's allegations of conduct by unspecified defendants was "insufficient on its face" because it failed to "differentiate between each of the defendants"); *Yost v. Nationstar Mortgage, LLC*, 2013 WL 4828590 at *3 (E.D. Cal. Sept. 9, 2013) (dismissing claim where complaint's allegations were "ascribed to Defendants collectively" because Rule 8 requires plaintiff to "distinguish Defendants' particular roles in the alleged causes of action…[and] provide facts showing how each and every Defendant is involved"); *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099 at *4 (N.D. Cal. May 5, 2011) (dismissing claim where complaint's allegations "fail[ed] to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations").

### 2. The Complaints do not plead facts establishing that Bergmair was the guiding spirit or a direct participant in the alleged tortious conduct.

The allegations in the Related Cases Complaints are also insufficient to hold Bergmair responsible for the conduct of corporate entities. A corporate shareholder or employee is not liable for the company's torts unless he "authorizes or directs or … participates" in the wrongful conduct. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016); *Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). Just as in the personal jurisdiction context, cases finding "personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Facebook*, 844 F.3d at 1069 (quoting *Davis v. Metro Prods.*, Inc., 885 F.2d 515, 523 n.10 (9th Cir. 1989)). As described in Bergmair's motion to dismiss

in *Fleites*, district courts have repeatedly ruled that generalized allegations of corporate oversight and control, like those against Bergmair in the Related Cases, are not sufficient to meet the guiding spirit standard and thus fail to state a claim under Rule 12(b)(6).  Bergmair Motion at 36-38.

### C.    The Complaints fail to properly allege a valid claim on specific counts.

In addition to the protections of Section 230 and the Related Cases Complaints' overarching lack of specificity regarding Bergmair, each of the individual counts of the Complaints is insufficiently pleaded in other respects. Bergmair joins in the motions and arguments of all the other defendants in both *Fleites* and the Related Cases with respect to the deficiencies in the Complaints' individual claims.   In addition to the deficiencies identified there, and those discussed above, Plaintiffs' claims against Bergmair are also insufficient for the reasons set forth below.

### 1.    The federal trafficking claims (Counts I and IV) fail to state a claim.

Plaintiffs' 18 U.S.C. §1595 claims (June Compl. Counts I and IV; J.L. Compl. Counts I and IV) in the Related Cases fail against Bergmair for several reasons. **First**, the Complaints allege that Bergmair is a resident of China (June Compl. ¶ 17; J.L. Compl. ¶ 17) and allege no conduct by him in the United States.  But as set forth in Bergmair's motion to dismiss in *Fleites*, §1595 does not apply extraterritorially to him.  Bergmair Motion at 38-39.  **Second**, the absence of any allegation that Bergmair knew or had dealings with Plaintiffs is fatal to Plaintiffs' claims under both subsections (a)(1) and (a)(2) of §1591.  Bergmair Motion at 39.  **Finally**, Count IV, alleging a conspiracy under §1594(c), is also deficient because there was no civil right of action for conspiring to violate §1591 prior to January 6, 2023 and the

1   Complaints allege no conduct by Bergmair after this date.[20]

2            **2.    The federal child pornography claims (Counts V and VI)**

3                **fail to state a claim.**

4      Plaintiffs' 18 U.S.C. §§ 2252 and 2252A claims (June Compl. Counts V and

5   VI; J.L. Compl. Counts V and VI) in the Related Cases fail against Bergmair for

6   similar reasons.  **First**, since the Complaints concede that Bergmair lives in China

7   and allege no conduct by him in the United States, §§ 2252 and 2252A, which do

8   not have extraterritorial application, cannot apply to him.  **Second**, the Complaints

9   contain no allegations that Bergmair personally had any knowledge of the explicit

10   nature of the material or that the performers were underage.  Indeed, there is no

11   allegation that Bergmair knew of Plaintiffs' existence or had any contact at all with

12   the specific videos featuring them.  As a result, these counts plainly fail to state a

13   viable claim against Bergmair.  Bergmair Motion at 38-39.

14            **3.    The California common law claims (Counts VII, VIII, IX, X,**

15                **XIII, XVI, XVII) fail to state a claim.**

16      Plaintiffs' California common law claims (June Compl. Counts VII, VIII, IX,

17   X, XIII, XVI, XVII; J.L. Compl. Counts VII, VIII, IX, X, XIII, XVI, XVII) in the

18   Related Cases fail against Bergmair for several reasons.  **First**, the Related Cases

19   Complaints do not allege that Bergmair ever knew or had any contact with Plaintiffs

20   or their videos, so the Complaints necessarily fail to allege that he took the actions

21   necessary to satisfy the elements of Plaintiffs' common law claims.  Each of the

22   counts of the Complaints alleging California common law claims repeat an identical

23   factual allegation as the basis for the claim, asserting that MindGeek "maintain[ed],

24   stream[ed], distribut[ed], reupload[ed] and monetiz[ed] videos and images

25

26

27   [20] Moreover, the  Ninth Circuit has ruled that the statute creating the conspiracy cause

28   of action does not have retroactive effect.  *See Ratha v. Rubicon Resources, LLC,* 111 F.4th 946, 969 (9th Cir. 2024).

of…Plaintiff on its websites…"[21]   K.A. Compl. ¶¶ 387, 395, 400, 407, 427, 454.[22] But the Complaints contain no allegation that Bergmair ever even knew of Plaintiffs or their videos, much less that he personally took any of the specific actions described with respect to their videos.

**Second**, the California common law claims against Bergmair of Foreign Plaintiffs and Non-CA Plaintiffs are deficient because California law does not reach conduct outside California.  Here, the Related Cases Complaints, which concede that Bergmair is a resident of China, contain no allegation that he undertook any actions in California.[23]  But California common law only applies where "'the conduct which gives rise to liability ... occurs in California.'"  *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015), *aff'd*, 694 F. App'x 585 (9th Cir. 2017) (quoting *Diamond Multimedia Sys., Inc. v. Superior Ct.*, 19 Cal. 4th 1036, 1059 (Cal. 1999)); *Addaday, Inc. v. Artist Int'l Co.*, 2022 WL 1516053, at *10 (C.D. Cal. Feb. 22, 2022) (dismissing California statutory and common law claims where there was no allegation that conduct giving rise to plaintiff's claims took place in California);

---

[21] One count (Count XVI) contains no particularized allegations regarding the factual basis for the claim, instead merely referencing "Defendants' conduct toward Plaintiff, as described herein."  K.A. Compl. ¶ 448.  *See* L.T. Compl. ¶ 450; N.L. Compl. ¶ 451; N.Y. Compl. ¶ 457; T.C. Compl. ¶ 448; X.N. Compl. ¶ 449; J.C. Compl. ¶ 130 (at page 122); C.S. Compl. ¶ 448; S.O. Compl. ¶ 449; W.L. Compl. ¶ 451; L.S. Compl. ¶ 450; A.K. Compl. ¶ 450; W.P. Compl. ¶ 447; J.L. Compl. ¶ 457.

[22] *See* L.T. Compl. ¶¶ 389, 397, 402, 409, 429, 456; N.L. Compl. ¶¶ 390, 398, 403, 410, 430, 457; N.Y. Compl. ¶¶ 396, 404, 409, 416, 436, 463; T.C. Compl. ¶¶ 387, 395, 400, 407, 427, 454; X.N. Compl. ¶¶ 388, 396, 401, 408, 428, 455; J.C. Compl. ¶¶ 69, 77, 82, 89, 109, 136 (at pages 114-117, 119, 123-124); C.S. Compl. ¶¶ 387, 395, 400, 407, 427, 454; S.O. Compl. ¶¶ 388, 396, 401, 408, 428, 455; W.L. Compl. ¶¶ 390, 398, 403, 410, 430, 457; L.S. Compl. ¶¶ 389, 397, 402, 409, 429, 456; A.K. Compl. ¶¶ 389, 397, 402, 409, 429, 456; W.P. Compl. ¶¶ 386, 394, 399, 406, 426, 453; J.L. Compl. ¶¶ 396, 404, 409, 416, 436, 463.

[23] Indeed, the Complaints acknowledge that MindGeek itself was managed from Canada, where its senior management team worked.  June Compl. ¶¶ 16, 300-01; J.L. Compl. ¶¶ 16, 298-99.

*Aldini AG v. Silvaco, Inc.*, 2022 WL 20016826, at *16 (N.D. Cal. Aug. 3, 2022) (dismissing California common law claims for failure to allege tortious conduct "that occurred in California"). *See also Zakikhan v. Hyundai Motor Co.*, 2021 WL 4805454, at *6-7 (C.D. Cal. June 28, 2021) (in action in which one California plaintiff and six plaintiffs from other states alleged California statutory and common law claims, court dismissed claims of non-California plaintiffs, ruling that they did not have standing to assert claims from states in which they did not reside). Plaintiffs from Colombia and Thailand (or Colorado and Rhode Island) who allege they were injured by an individual living in China cannot credibly argue that California common law applies to their claims.

### 4. The California statutory claims (Counts XI, XII, XIV, XV) fail to state a claim.

Plaintiffs' California statutory claims (June Compl. Counts XI, XII, XIV and XV; J.L. Compl. Counts XI, XII, XIV and XV) in the Related Cases fail against Bergmair for several reasons. **First**, just as with Plaintiffs' other claims, the fact that the Related Cases Complaints do not allege that Bergmair ever knew or had any contact with Plaintiffs or their videos necessarily means that they fail to allege that he took the actions necessary to satisfy the elements of Plaintiff's California statutory claims. For example, Count XI asserts a claim under California Civil Code § 3344, which requires that a defendant "knowingly use another's name, voice ... or likeness, in any manner ... without such person's consent …." Count XII asserts a claim under California Civil Code § 1708.85, which provides a right of action against anyone who "intentionally distributes by any means a photograph, film, videotape ... of another, without the other's consent ...." The Complaints contain no allegation that Bergmair ever even knew of Plaintiffs or their videos, much less that he personally used their likeness or took any other action with respect to them or their videos in violation of either §§ 3344 or 1708.85. Count XV, which asserts a claim under California's trafficking statute, Penal Code § 236.1, is similarly deficient. That statute applies to

a defendant who "causes, induces, or persuades ... *a person* who is a minor ... to engage in a commercial sex act ...." (emphasis added).  Just as under the federal trafficking statute (discussed above), since there is no claim that Bergmair even knew the Related Cases Plaintiffs, he could not have taken one of the actions specified in § 236.1 with respect to their persons.

**Second**, just as with their California common law claims, Foreign Plaintiffs' and Non-CA Plaintiffs' California statutory claims against Bergmair are deficient because the California statutes on which they are based do not reach conduct outside California or address injuries to parties outside California.  California laws have no extraterritorial application unless the statute clearly expresses an intention to apply outside the state.  *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (Cal. 2011) (citing *Diamond Multimedia Systems*, 19 Cal. 4th at 1059).  Here, none of the laws upon which the Related Cases Plaintiffs base their statutory claims bear any indication that they were intended to apply extraterritorially.  Foreign Plaintiffs and Non-CA Plaintiffs acknowledge that they lived outside California at all relevant times[24] and do not allege that Bergmair undertook any actions in California.  California statutes do not apply to actions outside of California that allegedly injure non-residents.  *See Warner v. Tinder, Inc.*, 105 F. Supp. 3d 1083, 1095-97 (C.D. Cal. 2015) (finding deficient non-resident plaintiff's California UCL and FAL claims against company whose principal place of business was California because complaint failed to allege that the decisions concerning the business practices challenged by plaintiff were made in California); *Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*, 405 F. Supp. 2d 1141, 1147-48 (C.D. Cal. 2005) (California UCL claims of non-resident plaintiffs against non-resident defendants dismissed where complaint did not specifically allege any wrongful acts by defendants in state).  *See*

---

[24] K.A. Compl. ¶ 10; L.T. Compl. ¶ 10; N.L. Compl. ¶ 10; N.Y. Compl. ¶ 10; T.C. Compl. ¶ 10; X.N. Compl. ¶ 10; J.C. Compl. ¶ 10; C.S. Compl. ¶ 10; S.O. Compl. ¶ 10; L.S. Compl. ¶ 10; A.K. Compl. ¶ 10; W.P. Compl. ¶ 10.

*also Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224-25 (Cal. Ct. App. 1999) (rejecting California statutory claims for "injuries suffered by non-California residents, caused by conduct occurring outside of California's borders").

## **CONCLUSION**

For these reasons, the Court should dismiss the Complaint with prejudice for both lack of personal jurisdiction and failure to state a claim for relief.

Dated: October 30, 2024

By: */s/ Ronald G. White*

RONALD G. WHITE
(admitted *pro hac vice*)
rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY  10281
Tel: (212) 335-2387
Fax: (212) 335-2040

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant Bernd Bergmair

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Bernd Bergmair, certifies that the Memorandum of Points and Authorities consists of 21 pages, which complies with the 50-page limit set forth in the Court's October 9, 2024 Order Granting Joint Stipulation to Request Limited Coordination for Purposes of Responding to Complaints in Related Cases (ECF No. 54).

Dated: October 30, 2024                    Respectfully submitted,


                                           */s/ Ronald G. White*
                                           RONALD G. WHITE
                                           (admitted *pro hac vice*)
                                           rwhite@wmhwlaw.com
                                           Walden Macht Haran & Williams LLP
                                           250 Vesey Street
                                           New York, NY  10281
                                           Tel: (212) 335-2387
                                           Fax: (212) 335-2040

                                           DAN MARMALEFSKY (CA SBN 95477)
                                           DMarmalefsky@mofo.com
                                           Morrison & Foerster LLP
                                           707 Wilshire Boulevard
                                           Los Angeles, California 90017-3543
                                           Telephone: 213-892-5200
                                           Facsimile: 213-892-5454

                                           Attorneys for Defendant Bernd Bergmair

1

# **CERTIFICATE OF SERVICE**

2

The undersigned, the counsel of record for Bernd Bergmair, certifies that the

3

foregoing instrument was served pursuant to the Federal Rules of Civil Procedure

4

on October 30, 2024 upon all counsel of record via ECF.

5

Dated: October 30, 2024                    Respectfully submitted,

6

7

*/s/ Ronald G. White*
RONALD G. WHITE

8

(admitted *pro hac vice*)

9

rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP

10

250 Vesey Street

11

New York, NY  10281
Tel: (212) 335-2387

12

Fax: (212) 335-2040

13

DAN MARMALEFSKY (CA SBN 95477)

14

DMarmalefsky@mofo.com
Morrison & Foerster LLP

15

707 Wilshire Boulevard

16

Los Angeles, California 90017-3543
Telephone: 213-892-5200

17

Facsimile: 213-892-5454

18

19

Attorneys for Defendant Bernd Bergmair

20

21

22

23

24

25

26

27

28

BERGMAIR NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT