1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A.,<br><br>     Plaintiff,<br><br>     vs.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware company, COLBECK DOE FUNDS 1-3,<br><br>     Defendants. | CASE NO. 2:24-cv-04786-WLH-ADS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT REDWOOD CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS COMPLAINTS IN RELATED CASES [ECF NO. 68]** |

[PROPOSED] ORDER

1   On October 21, 2024, Defendant Redwood Capital Management, LLC ("Redwood" or "Defendant") filed a Motion to Dismiss the individual Complaints filed by Plaintiffs A.K., W.P., L.S., W.L., C.S., S.O., J.C., K.A., N.L., T.C., X.N., N.Y., L.T., and J.L. (collectively, the "New Plaintiffs") in cases related to *Fleites v. MindGeek S.A.R.L., et al.,* Case No. 2:21-cv-04920 (C.D. Cal.) (the "Related Cases"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules").

Defendant's Motion was made pursuant to a Joint Stipulation to Request Limited Coordination for Purposes of Responding to Complaints in Related Cases entered in the *Fleites* case (*see* Case No. 2:21-cv-04920, Dkt. 472), whereby the parties agreed to address the grounds for dismissal on all legal issues implicated by each of the Related Cases in one omnibus motion to dismiss per Defendant.

In its Motion, Redwood seeks dismissal of the claims asserted against it by New Plaintiffs in the Related Cases under Rule 12(b)(1) on the grounds that New Plaintiffs lack Article III standing. In particular, Redwood argues that New Plaintiffs cannot establish the second element of Article III standing, namely that each New Plaintiff's injury is fairly traceable to the challenged action of Redwood. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (identifying the three elements required to satisfy Article III's standing requirements); *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023) ("[A]t the pleadings stage, the plaintiff must allege sufficient facts that, taken as true, 'demonstrat[e] each element' of Article III standing.") (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Redwood also seeks dismissal of the claims that New Plaintiffs have asserted against it in the Related Cases under Rule 12(b)(6). First, Redwood moves to dismiss the two claims that New Plaintiffs have asserted against them under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), for beneficiary liability (Count III of the Complaints) and conspiracy liability (Count IV of the Complaints) on the

grounds that the Complaints in each Related Case fail to establish proximate cause. Next, Redwood moves to dismiss the TVPRA beneficiary liability claim asserted by New Plaintiffs on the grounds that: (i) the Complaints in the Related cases do not establish that Redwood "participated in a venture" that harmed any New Plaintiff; (ii) the Complaints in the Related Cases fail to plausibly allege that Redwood "knew or should have known" of any New Plaintiff's sex trafficking; and (iii) beneficiary liability is not legally available where there is no underlying liability. Redwood further moves to dismiss the TVPRA conspiracy liability claim asserted by New Plaintiffs in each Related Case on the grounds that it is barred by controlling Ninth Circuit law, *Ratha v. Rubicon Res., LLC*, 111 F.4th 946, 969 (9th Cir. 2024) (*Ratha II*), because Redwood's alleged TVPRA violations predate the 2023 amendment to the TVPRA that allowed for civil conspiracy liability, and, even if this were not the case, the New Plaintiffs' Complaints do not adequately allege any conspiracy involving Redwood. Furthermore, Section 1595 of the TVPRA also does not apply extraterritorially in civil litigation to reach injuries and underlying TVPRA violations that occurred outside of the U.S., mandating dismissal of the TVPRA claims of New Plaintiffs W.P., C.S., S.O., X.N., L.S., and N.Y., who allege injuries suffered abroad.

Redwood also moves to dismiss the hybrid claims pled by New Plaintiffs in Count XIV of their Complaints for violation of California's consumer protection statutes, Cal. Bus. & Prof. Code §§ 17200 (the Unfair Competition Law ("UCL")) and 17500 (the False Advertising Law ("FAL")) on standing grounds because New Plaintiffs cannot show an economic injury caused by any alleged unfair business practice or false advertising on the part of Redwood. Those New Plaintiffs who are not California residents (A.K., L.T., J.C., K.A., N.L., T.C., W.P., C.S., S.O., X.N., L.S., and N.Y.) also cannot invoke the UCL and/or FAL because none of the alleged misconduct or injuries occurred in California. New Plaintiffs also fail to state a UCL/FAL claim on the grounds that: (i) the UCL/FAL claims rest exclusively on allegations of misconduct by other defendants, which do not apply to Redwood, and

the Complaints improperly attempt to shoehorn Redwood into liability under the generalized category of "Defendant"; (ii) New Plaintiffs do not allege any facts indicating that Redwood engaged in *any* relevant "competition" or "advertising," let alone any such conduct that rises to the level of a violation of these statutes; (iii) the FAL claims do not satisfy Rule 9(b) and the Complaints do not allege sufficient facts to show that "members of the public are likely to be deceived" by Redwood, *see Nationwide Biweekly Admin., Inc. v. Super. Ct. of Alameda Cnty.*, 9 Cal. 5th 279, 309 (2020), *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); and (iv) the Complaints fail to adequately plead a claim under any of the three prongs of the UCL. Finally, New Plaintiffs' alternative state law claims, which they plead in footnotes, fail because they cannot show a deceptive or unfair practice on the part of Redwood that caused them harm.

Further, Redwood moves to dismiss the intentional infliction of emotional distress ("IIED") claim that New Plaintiffs assert against it in Count XVI of their Complaints. As an initial matter, the IIED claims brought by Plaintiffs K.A., L.T., N.L., N.Y., X.N., C.S., S.O., W.L., L.S., A.K., and J.L are barred by the applicable two-year limitation period, because more than two years have passed since the later of the time these New Plaintiffs allege the discovery of their CSAM online (or when these Plaintiffs turned 18 years old)—i.e., when the alleged emotional distress started—and the dates on which these New Plaintiffs filed their complaints. Additionally, all New Plaintiffs' allegations are too conclusory and do not separate out the alleged role of each Defendant. Furthermore, New Plaintiffs do not plead and cannot show any "extreme and outrageous conduct" *by Redwood* that was intended to cause emotional distress to New Plaintiffs, let alone "conduct so extreme and outrageous as to go beyond all possible bonds of decency." Nor can New Plaintiffs show that Redwood's conduct was directed towards them, or that their severe emotional distress was actually and proximately caused by Redwood.

Finally, Redwood moves to dismiss the civil conspiracy claim that New Plaintiffs assert against it in Count XVII of the Complaints in the Related Cases because those Complaints (i) do not adequately allege the elements of a civil conspiracy; and (ii) have not adequately pled any underlying tort because Redwood, as a lender to third parties other than New Plaintiffs, owes no duty to any New Plaintiff.

The Court, having considered Redwood's Motion to Dismiss, and all papers filed in support of and in opposition to Redwood's Motion, oral arguments of counsel, and all other pleadings and papers on file herein, and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. Pursuant to Fed. R. Civ. P. Rule 12(b)(1), the Related Cases against Redwood are hereby **DISMISSED WITH PREJUDICE**; or
2. Pursuant to Fed. R. Civ. P. Rule 12(b)(6), the Related Cases against Redwood are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: _____

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE