1  JAMES M. PEARL (SB# 198481)
   jamespearl@paulhastings.com
2  KIAURA CLARK (SB# 336314)
   kiauraclark@paulhastings.com
3  **PAUL HASTINGS LLP**
   1999 Avenue of The Stars, 27th Floor
4  Los Angeles, California  90067
   Telephone:  1(310) 620-5700
5  Facsimile:  1(310) 620-5899

6  ADAM M. REICH (SB# 274235)
   adamreich@paulhastings.com
7  EMMA LANZON (*pro hac vice*)
   emmalanzon@paulhastings.com
8  **PAUL HASTINGS LLP**
   71 South Wacker Drive, 45th Floor
9  Chicago, Illinois 60606
   Telephone:  1(312) 499-6000
10 Facsimile:  1(312) 499-6100

11 *[Additional Counsel for Defendant continued on next page]*

12 *Attorneys for Defendant,*
13 *Redwood Capital Management, LLC*

14

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  K.A., | CASE NO. 2:24-cv-04786-WLH-ADS |
| 18       Plaintiff, | **DEFENDANT REDWOOD'S APPLICATION FOR LEAVE TO FILE UNDER SEAL REDWOOD CAPITAL MANAGEMENT, LLC'S OMNIBUS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINTS IN RELATED CASES** |
| 19       vs. | |
| 20  MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, | |
| 21 | |
| 22 | *Declaration of Adam M. Reich and [Proposed] Order Submitted Concurrently Herewith* |
| 23 | |
| 24 | |
| 25 | Place:    Courtroom 9B |
|    | Judge:    Hon. Wesley L. Hsu |
| 26 | |
| 27 | Complaint filed: June 7, 2024 |
| 28 | |

DEFENDANT REDWOOD'S APPLICATION FOR LEAVE TO FILE UNDER SEAL
OMNIBUS MOTION TO DISMISS

a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware company, COLBECK DOE FUNDS 1-3,

    Defendants.

1  *[Additional Counsel for Defendants continued from caption page]*

2  KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
3  **PAUL HASTINGS LLP**
200 Park Avenue
4  New York, New York 10166
Telephone: 1(212) 318-6000
5  Facsimile: 1(212) 752-3310

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT REDWOOD'S APPLICATION FOR LEAVE TO FILE UNDER SEAL
OMNIBUS MOTION TO DISMISS

Pursuant to Local Rule 79-5.2.2, Redwood Capital Management, LLC ("Redwood") respectfully submits this Application for Leave to File Under Seal limited portions of Redwood Capital Management, LLC's Omnibus Memorandum of Points and Authorities in Support of Motion to Dismiss Complaints in Related Cases ("Omnibus Motion to Dismiss") (the "Application").

Redwood sought to seal the same confidential material in the Application for Leave to File Under Seal in *Serena Fleites et al v. MindGeek S.A.R.L. et al,* Case No. 2:21-cv-04920-WLH-AD (the "*Fleites* Case") at ECF Nos. 449 and 450[1] (the "*Fleites* Application to Seal"). Plaintiff in the *Fleites* Case thereafter filed a Consolidated Opposition to Defendants' Sealing Applications Related to Defendants' Motions to Dismiss at ECF No. 468. Defendants filed an omnibus reply at ECF No. 471. The Court has not yet issued a ruling on the *Fleites* Application to Seal.

Redwood, through counsel, advised the New Plaintiffs, through counsel, of Redwood's intent to similarly apply to seal the same Confidential Information that had been opposed in the *Fleites* Case, including on October 16, 2024, October 29, 2024, and October 30, 2024. *See* Declaration of Adam M. Reich in support hereof ("Reich Decl."), ¶ 7. The New Plaintiffs did not respond to Redwood's request to confirm whether they would maintain the same opposition to Redwood's Application as expressed to Redwood in the *Fleites* Case. *Id.* Redwood therefore concludes that the New Plaintiffs oppose the Application. *Id.*

The standard of review a court applies when reviewing applications to seal depends on whether the application is brought in connection with dispositive motions

---

[1] This Court may *sua sponte* judicially notice "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). This includes documents filed in other proceedings (*United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases")), including those filed under seal (*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)).

or non-dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). A "compelling reasons" standard applies to dispositive motions. *Id.*

Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Pintos*, 605 F.3d at 679. "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 679 n.6 (citation omitted). This list is not exhaustive.

There are a variety of "compelling reasons" to seal documents. Courts have found "compelling reasons" to seal documents, where their disclosure would be in violation of a specific confidentiality provision set forth in those documents. *See, e.g.*, *SDI Labs, Inc. v. Sameday Techs., Inc.,* No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed) (alterations added) (citation omitted); *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (finding compelling reasons to seal a document, were disclosure would "risk potential law suits and injury as a result of a breached confidentiality agreement").

Courts have also found compelling reasons to seal documents, where disclosure would risk competitive injury. *See, e.g., In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (finding that compelling reasons existed to seal certain information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information[]"

and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting a request to seal a petition because it contained information that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations"). Courts have also sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted). This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted).

      The Ninth Circuit has also repeatedly stated that confidential and proprietary business information should be filed under seal. *See, e.g., IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added).

      In light of the foregoing, there are compelling reasons for the Court to grant Redwood's Application:

      ***First***, portions of the Omnibus Motion to Dismiss cite and/or reference portions of the Grant Thornton Report, which has been designated as "confidential" and was provided to Redwood in connection with a confidential financing transaction. There are thus compelling reasons to seal the portions of the Motion to Dismiss that

3
DEFENDANT REDWOOD'S APPLICATION FOR LEAVE TO FILE UNDER SEAL
OMNIBUS MOTION TO DISMISS

cite and/or reference the Grant Thornton Report. The Grant Thornton Report also specifically says that the recipient, "agree[s] to keep confidential the information contained [t]herein" and provides that the Report "may not be reproduced or distributed to others at any time without the prior written consent of RCGT." *See* Pearl Decl. Ex. A at 3.) Because voluntary public disclosure of any part of the Grant Thornton report (including by citation or reference thereto) is contrary to an express confidentiality provision and poses a risk of related litigation, compelling reasons exist to maintain those portions of the Omnibus Motion to Dismiss under seal. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1. Additional compelling reasons exist for sealing citation and/or reference to the Grant Thornton report because it reveals confidential information regarding another entity's business model. *See, e.g.*, *ImprimisRx, LLC*, 2023 WL 7029210, at *3.

**Second**, portions of the Omnibus Motion to Dismiss cite the 2013 Financing Agreement and the 2018 Financing Agreement, which each contain express confidentiality provisions (*see Fleites* Application to Seal (citing Pearl Decl., Exs. B at 143, C at 150-52)), and disclosure of their terms would expose Redwood to potential litigation relating to those provisions. Accordingly, compelling reasons warrant sealing citation and/or reference thereto. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1. In addition, because the 2013 Financing Agreement and the 2018 Financing Agreement contain confidential financing terms, were not previously disclosed before, and reflect confidential business strategies and approaches to financing negotiations of Redwood and other lenders, there are additional compelling reasons to seal those portions of the Omnibus Motion to Dismiss that cite and/or reference the 2013 and 2018 Financing Agreements. *See Actian Corp. v. AB Sciex LLC*, No. 23-cv-05113-BLF, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023) ("Compelling reasons exist to seal confidential business information, the disclosure of which would cause a party competitive harm."); *Adema*

*Techs., Inc. v. Wacker Chemie AG*, No. 5:13-cv-05599-PSG, 2013 WL 6622904, at *2 (N.D. Cal. Dec. 16, 2013) (finding compelling reasons justified sealing a Supply Agreement because "the structure and terms . . . [we]re considered highly confidential commercial information by [the movant]" and the movant only ever disclosed its supply agreements "with the protection of a confidentiality agreement and to government authorities when required and with as much protection from public disclosure as possible"); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29., 2016) (finding "compelling reasons exist to seal [a financing document] because the public release of confidential finance information puts Defendants, and the companies which they manage, at a competitive disadvantage when negotiating future loan terms, contracts with customers, and business opportunities") (alteration added). Furthermore, because disclosure of loan terms would "create an asymmetry of information in the negotiation of future . . . deals," sealing is appropriate. *Apple, Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012). Furthermore, because versions of the 2013 and 2018 Financing Agreements were produced by another party in this case, which that party's counsel designated as Highly Confidential pursuant to the Stipulated Protective Order entered in this case (*see* Reich Decl., ¶ 7), compelling reasons exist to maintain citation and/or reference to the agreements' terms under seal.

**Third**, portions of the Omnibus Motion to Dismiss cite the Notice of Default, which was designated as confidential (*see Fleites* Application to Seal (citing Pearl Decl., Ex. D)), sent in connection with confidential financing agreements, and references confidential terms of confidential agreements. Accordingly, compelling reasons warrant sealing citation and/or reference thereto. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1; *see also Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, No. 17-cv-03764-EDL, 2017 WL 7310782, at *4 (N.D. Cal.

Dec. 29, 2017) (holding that materials that "refer to confidential agreements [] often [provide] a compelling reason justifying sealing if the agreements contain commercially sensitive information"), *R. & R. adopted by*, 2018 WL 3069296 (N.D. Cal. Feb. 27, 2018) (citations omitted); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) (ordering contracts sealed because they "contain[ed] proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements").

In sum, compelling reasons exist to seal limited portions of the Omnibus Motion to Dismiss that cite and/or reference details of the Grant Thornton Report, the 2013 and 2018 Financing Agreements, and the Notice of Default, which, as set forth above and in the *Fleites* Application to Seal, each have compelling reasons to be maintained under seal. *See, e.g., Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2017 WL 1036652, at *2 (N.D. Cal. Mar. 17, 2017) (granting sealing as to excerpts of opposition brief referencing exhibits sealed by the court).

In light of the fact that there are multiple, articulable compelling reasons to seal limited portions of the Omnibus Motion to Dismiss, Redwood respectfully requests that the Court grant this Application to File Under Seal.

DATED: _October 30, 2024                    **PAUL HASTINGS LLP**


By:/s/*James M. Pearl*
          JAMES M. PEARL

*Attorneys for Defendant Redwood Capital Management, LLC*