1   JAMES M. PEARL (SB# 198481)
    jamespearl@paulhastings.com
2   KIAURA CLARK (SB# 336314)
    kiauraclark@paulhastings.com
3   **PAUL HASTINGS LLP**
    1999 Avenue of The Stars, 27th Floor
4   Los Angeles, California  90067
    Telephone:  1(310) 620-5700
5   Facsimile:  1(310) 620-5899

6   ADAM M. REICH (SB# 274235)
    adamreich@paulhastings.com
7   EMMA LANZON (*pro hac vice*)
    emmalanzon@paulhastings.com
8   **PAUL HASTINGS LLP**
    71 South Wacker Drive, 45th Floor
9   Chicago, Illinois 60606
    Telephone:  1(312) 499-6000
10  Facsimile:  1(312) 499-6100

11  *[Additional Counsel for Defendant
    continued on next page]*
12
    *Attorneys for Defendant,
13  Redwood Capital Management, LLC*

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17  K.A.,                          | CASE NO. 2:24-cv-04786-WLH-ADS

18          Plaintiff,             | **REQUEST FOR JUDICIAL
                                   | NOTICE IN SUPPORT OF
19      vs.                        | REDWOOD CAPITAL
                                   | MANAGEMENT, LLC'S NOTICE
20  MINDGEEK S.A.R.L. a foreign entity; | OF MOTION AND MOTION TO
    MG FREESITES, LTD., a foreign  | DISMISS COMPLAINTS IN THE
21  entity; MINDGEEK USA           | RELATED CASES
    INCORPORATED, a Delaware       |
22  corporation; MG PREMIUM LTD, a |
    foreign entity; MG GLOBAL      | Date:      January 31, 2025
23  ENTERTAINMENT INC., a Delaware | Time:      1:30 p.m.
    corporation; 9219-1568 QUEBEC, INC., | Place:     Courtroom 9B
24  a foreign entity; BERND BERGMAIR, | Judge:     Hon. Wesley L. Hsu
    a foreign individual; FERAS ANTOON, |
25  a foreign individual; DAVID    |
    TASSILLO, a foreign individual; VISA | Complaint filed: June 7, 2024
26  INC., a Delaware  corporation; |
    REDWOOD CAPITAL               |
27  MANAGEMENT, LLC, a Delaware    | [Notice of Motion and Motion to
    limited liability company; REDWOOD | Dismiss, Memorandum of Points and
28

1  DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware company, COLBECK DOE FUNDS 1-3,

2

3

4       Defendants.

Authorities in support thereof, and Declaration of James M. Pearl in support thereof, filed concurrently herewith]

*[Additional Counsel for Defendant continued from caption page]*

KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 752-3310

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), Defendant Redwood Capital Management, LLC ("Redwood"), by and through its undersigned counsel, respectfully requests that the Court take judicial notice of the following exhibits in connection with Redwood's Omnibus Motion to Dismiss Complaints in Related Cases pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss").

1.      **Exhibit A:** A true and correct copy of a printout of a December 16, 2020 article published by Financial Times, with the headline, "*MindGeek: the secretive owner of Pornhub and RedTube*," available at https://www.ft.com/content/b50dc0a4-54a3-4ef6-88e0-3187511a67a2 (Dec. 16, 2020).  The article states, "The solution came in 2011, in the form of $362m in debt from 125 secret investors that — according to one financial backer — included Fortress Investment Group, JPMorgan Chase and Cornell University."

2.      **Exhibit B:** A true and correct copy of a printout of a December 18, 2020 article published by Financial Times, with the headline, "*Robinhood: playing for keeps*," available at https://www.ft.com/content/d1f178c9-5ca7-4506-9507-ee93939f8ec3 (Dec. 18, 2020).  The article states, "Fast-forward to 2011, when Thylmann secured $362m in debt from 125 secret investors that — according to one financial backer — included Fortress Investment Group, JPMorgan Chase and Cornell University."

**I.      JUDICIAL NOTICE OF EXHIBITS A AND B COMPORTS WITH THE FEDERAL RULES OF EVIDENCE**

The Court should take judicial notice of Exhibits A and B because this Request meets the requirements of FRE 201.  On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice."[1]  *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.") (citation omitted).  Pursuant to Federal Rule of Evidence 201, a fact is judicially noticeable whenever it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

## A.   Exhibits A and B are Judicially Noticeable News Articles Containing a Judicially Noticeable Fact About MindGeek's Numerous Lenders

Redwood's request for judicial notice of Exhibits A and B pertains to a widely-known fact published in multiple articles that directly relates to the allegations in the individual Complaints (the "Related Cases") filed by Plaintiffs A.K., W.P., L.S., W.L., C.S., S.O., J.C., K.A., N.L., T.C., X.N., N.Y., L.T., and J.L. (collectively, "New Plaintiffs") concerning the number of lenders to MindGeek.[2]  There is no rational reason to doubt the authenticity of Exhibits A  or B, as the addresses for the webpages they were printed from have been provided and can be readily verified.  Moreover, courts have held that publications, including news articles, are proper

---

[1] "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Pino v. Cardone Cap., LLC*, No. CV 20-8499-JFW(KSX), 2023 WL 7800138, at *5, (C.D. Cal. Oct. 4, 2023), *appeal docketed*, No. 23-3512 (9th Cir. Dec. 15, 2023) (citation omitted).

[2] As used herein, "MindGeek" collectively refers to defendants MindGeek S.A.R.L., MG Freesites, Ltd., MindGeek USA Incorporated, MG Premium LTD, MG Global Entertainment Inc., 9219-1568 Quebec, Inc., and other affiliated entities.

subjects of judicial notice because the contents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Plevy v. Haggerty,* 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of news articles when ruling on motion to dismiss); *United States v. Kaczynski*, 443 F. App'x 299, 300 (9th Cir. 2011) (judicially noticing an auction date from an online newspaper article). Indeed, "it is not uncommon for courts to take judicial notice of factual information found on the world wide web." *Turner v. Samsung Telecomms. Am.*, *LLC*, No. CV 13-00629-MWF (VBKx), 2013 WL 12126749, at *2 (C.D. Cal. Nov. 4, 2013) (citation omitted). Thus, because Redwood requests that the Court take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned," and has "supplied [the Court] with the necessary information[,]" the Court should grant Redwood's Request as to Exhibits A and B. *See* Fed. R. Evid. 201.

In addition, the Court should take judicial notice of Exhibits A, and B because these documents contradict allegations made in the Related Cases. In *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001), the Court expressed that courts sitting in the Ninth Circuit are "'not required to accept as true [Plaintiff's] conclusory allegations which are contradicted by documents referred to in the complaint'" or "that contradict matters properly subject to judicial notice[.]" *Id*. at 988 (citation omitted). Accordingly, courts have taken judicial notice of online documents that contradict plaintiffs' allegations. *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of online documents upon which a plaintiff's claims were based, where those documents contradicted the plaintiff's allegations).

Here, as in *Datel*, Redwood has identified online publications at Exhibits A and B that contradict New Plaintiffs' allegations regarding the number of lenders accessible to MindGeek. In the Related Cases, the New Plaintiffs assert claims against Redwood and Colbeck Capital Management, LLC ("Colbeck"), and the

- 3 -

Related Cases misleadingly suggest Redwood and Colbeck were the only lenders to MindGeek in 2011, 2013, and 2018.  *See, e.g.*, K.A. Compl. ¶¶ 247 (alleging that only Colbeck and Redwood provided MindGeek with "necessary financing" and suggesting there were no other lenders) and 267 (alleging that "the rest of the investment community was not willing to finance" MindGeek).  Because Exhibits A and B publicly reported in widely disseminated, national publications in 2020 that MindGeek had had 125 lenders during the same period of time in which Redwood and Colbeck provided financing, this fact undermines New Plaintiffs' suggestions that MindGeek did not have other lenders and could not obtain loans from others if Redwood did not exist.

Accordingly, the Court should take judicial notice of Exhibits A and B.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Redwood respectfully requests that the Court take judicial notice of the four documents described herein (Exhibits A through D).

DATED:  October 30, 2024            **PAUL HASTINGS LLP**


By: /s/ *James M. Pearl*
                                    JAMES M. PEARL

*Attorneys for Defendant Redwood*
*Capital Management, LLC*

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANT REDWOOD CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS