Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

[*Additional Defendants' Counsel continued on next page*]

*Attorneys for Defendants MindGeek, S.à r.l, MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A.<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK S.À.R.L, et al.,<br><br>Defendants. | Case Nos. 2:24-cv-04786-WLH-ADS<br><br>**DECLARATION OF ANDREAS ALKIVIADES ANDREOU IN SUPPORT OF THE MINDGEEK DEFENDANTS' MOTION TO DISMISS**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Hearing Date: January 31, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br><br>Complaint Filed: June 7, 2024<br><br>Trial Date: None Set |

| | |
|---|---|
| 1 | Seth R. Goldman (*pro hac vice app. forthcoming*) |
| | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. |
| 2 | 919 Third Avenue |
| | New York, NY 10022 |
| 3 | Telephone: (212) 692-6845 |
| | Facsimile: (212) 983-3115 |
| 4 | |
| 5 | Peter A. Biagetti (*admitted pro hac vice*) |
| | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. |
| 6 | One Financial Center |
| | Boston, MA 02111 |
| 7 | Telephone: (617) 542-6000 |
| | Facsimile: (617) 542-2241 |

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

I, Andreas Alkiviades Andreou, hereby declare as follows:

1. I am employed by Aylo Group Ltd (formerly known as MG CY Holdings Ltd) as Director of Corporate Finance, a position which I have held since 2013. I have also served as a Class A manager (the equivalent of a director) for Aylo Holdings S.à r.l. (formerly known as MindGeek S.à r.l.) since 2016.

2. Through my employment and experience, I am familiar with the corporate structure and operations of the MindGeek corporate entities named in the fourteen complaints at issue in the omnibus motion to dismiss – MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (the "MindGeek Entities") – since 2013, the earliest year in which any of the Plaintiffs alleges they learned a video depicting them had been uploaded to Pornhub, a website operated by MG Freesites Ltd.

3. MindGeek S.à r.l., MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, and MG Global Entertainment Inc. have been rebranded. MindGeek S.à r.l. was rebranded to Aylo Holdings S.à r.l., MG Freesites Ltd was rebranded to Aylo Freesites Ltd, MindGeek USA Incorporated was rebranded to Aylo USA Incorporated, MG Premium Ltd was rebranded to Alyo Premium Ltd, and MG Global Entertainment Inc. was rebranded to Aylo Global Entertainment Inc.

4. Almost every day since 2016, as part of my regular job responsibilities, I have dealt and continue to deal with issues involving the corporate structure of these legal entities and their affiliates (collectively "MindGeek") in some capacity and therefore have personal knowledge of their corporate histories.

## PLAINTIFFS' ALLEGATIONS ABOUT CORPORATE IMPROPRIETIES ARE BASELESS.

5. I have reviewed and am familiar with the allegations in the Complaints regarding the structure and operations of the MindGeek Entities and MindGeek generally. The allegations of the Complaints attempt to falsely characterize the

1

1  MindGeek corporate structure as an empire of sham companies created and controlled
2  by Messrs. Antoon, Bergmair, and Tassillo to evade taxes, avoid personal liability, and
3  unlawfully line their personal pockets.  Plaintiffs' characterizations are baseless.  Each
4  of the MindGeek Entities is a distinct entity that complies with corporate formalities
5  and was created for a legitimate business and economic purpose.
6       6.      In many instances, the purpose for the creation of a particular MindGeek
7  entity is self-evident; for example, creating an entity to acquire the business of another
8  or a third party, or dissolving an entity when it no longer functions or when its
9  functions can be performed readily by another entity.
10      7.      MindGeek S.à r.l. provides a clear example.  In October 2013, MindGeek
11 S.à r.l. was created specifically to acquire the business of Manwin Holding S.à r.l.  In
12 that transaction, MindGeek S.à r.l. acquired shares in an entity called Manwin RK
13 S.à r.l. from Manwin Holding S.à r.l., the seller, thereby obtaining indirect ownership
14 interests in the subsidiaries of Manwin RK S.à r.l.  Since that time, MindGeek S.à r.l.
15 has remained a holding company for various subsidiaries comprising the business of
16 MindGeek, including the other entities named as Defendants.  MindGeek S.à r.l. is
17 incorporated under the laws of Luxembourg and does not have employees or conduct
18 operations.
19      8.      The structure of the MindGeek business is like that of many global
20 organizations.  Specifically, MindGeek has companies organized and existing under
21 the laws of multiple jurisdictions where it has assets, operates businesses, or provides
22 services for those business.  The MindGeek corporate entities, for example, are
23 organized and exist separately under the laws of Luxembourg, Cyprus, Canada and
24 the United States, amongst others.  When MindGeek S.à r.l. acquired the Manwin
25 business, the entities comprising that business also spanned those and other
26 jurisdictions.
27      9.      MindGeek's corporate structure reflects MindGeek's different lines of
28 business.  Relevant here is the Video Sharing Platform (VSP), formerly known as the

2

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  "tubesite business," which most notably includes "Pornhub," a website that offers
2  non-subscription content.
3    10.  █████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████
8  ██████

9    11.  As the website operator, MG Freesites Ltd is responsible for, *inter alia*,
10 performance of the website's major key performance indicators and implementing
11 initiatives and business strategy related to the website.  MG Freesites Ltd bears all
12 risks related to the conduct of its activities including, market risks, legal risks,
13 technological risks, and financial risks.  Accordingly, MG Freesites Ltd implements
14 policies and procedures related to the conduct of its website activities.  Examples
15 include, but are not limited to, technology protections such as the MediaWise software
16 created by Vobile.  MediaWise by Vobile uses sophisticated technology to fingerprint
17 and prevent re-uploading of, amongst others, all content violating Pornhub's CSAM
18 and non-consensual content policies.  MG Freesites Ltd is responsible for launching
19 "Trust and Safety Center" on the Pornhub website, which explains Pornhub's policies
20 and procedures.  MG Freesites Ltd also develops and implements policies and
21 procedures related to the human moderation of all content uploaded to the Pornhub
22 website, and policies and procedures related to flagging, reporting, and removing
23 violative content from the Pornhub website.

24    12.  None of the MindGeek Defendants owns or uses servers in the United
25 States to store or manage any pornographic content for the MindGeek VSPs. ████
26 ████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████

3
DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1 █████████████████████████████████████████████████████████
2 █████████████████████████████████████████████████████████
3 █████████████████████████████████████████████████████████
4 █████████████████████████████████████████████████████████
5 █████████████████████████████████████████████████████████
6 █████████████████████████████████████████████████████████
7 █████████████████████████████████████████████████████████
8 █████████████████████████████████████████████████████████
9 ████

13. As specified below, MG Freesites Ltd, in turn, relies upon the services of other entities, including Defendant 9219-1568 Quebec Inc. which provides, *inter alia*, computer-programming, customer-support, and management services.

14. Since at least 2013, insofar as one Defendant has provided certain services to another MindGeek entity, the entity receiving services has paid the entity providing the services pursuant to the terms of a written agreement. For example, by service agreement dated January 1, 2013 and amended as of January 1, 2014, Defendant 9219-1568 Quebec Inc. entered into a service agreement with Defendant MG Freesites Ltd (formerly known as D.C.I. Capital Investments Limited). Pursuant to the service agreement, 9219-1568 Quebec Inc. agreed to provide MG Freesites Ltd. with computer programming services, customer support services, and management services. In addition to paying actual "Costs" incurred, MG Freesites Ltd. agreed to pay 9219-1568 Quebec Inc. a mark-up on those "Costs" ████. The parties agreed to review annually the amount of the mark-up and negotiate in good faith any possible amendments. Since 2014, MG Freesites Ltd has paid ████ mark-up on these costs. 9219-1568 Quebec Inc. sends monthly invoices to MG Freesites Ltd for services provided and 9219-1568 Quebec Inc. is renumerated by MG Freesites Ltd monthly.

15. In any instance in which one defendant has provided services to another MindGeek entity, to determine how much of a mark-up is added to the cost

4

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  reimbursement, MindGeek has engaged Raymond Chabot Grant Thornton LLP and
2  its affiliates ("RCGT") to conduct comprehensive transfer-pricing studies. Those
3  studies are used to determine price ranges for the services at issue in the relevant
4  market and ensure that intercompany charges are accounted properly for tax purposes.

[Lines 5–17: redacted]

18      16. Plaintiffs' allegations regarding the financial operations of the MindGeek
19  Entities are inaccurate and misleading. As specified below, each of the Defendants is
20  separate from the others, has its own bank accounts, files separate tax returns, and has
21  been adequately capitalized during the relevant period.

22      17. Each of the MindGeek Entities has its own bank accounts. Like many
23  multi-national companies, MindGeek utilizes a centralized treasury to improve cash
24  management across the MindGeek Entities and their subsidiaries and affiliates. A
25  centralized treasury provides businesses with significant operational benefits,
26  including cash-flow optimization. At times, one entity may not have the cash on hand
27  to pay an immediate obligation, but it may be owed funds from another entity within
28  the corporate umbrella. In those circumstances, the MindGeek Entities and their

1 subsidiaries and affiliates may call upon other entities in the corporate umbrella to provide it with cash to meet the immediate obligations. Those inter-corporate payments are always documented in the relevant accounting systems.

18. For the years 2013 through at least 2019, Defendant MindGeek S.à r.l. has had its consolidated financial statements audited by RCGT. During the same period, the other Defendants that are legally required to be audited on an individual company basis have also been audited in compliance with applicable law. They and MindGeek S.à r.l. have filed their tax returns and paid all taxes due for the tax years through 2018. Those Defendants which are not required to be audited on an individual company basis, MindGeek USA Incorporated and MG Global Entertainment Inc., have filed their tax returns and paid all taxes due to date.

19. The MindGeek entities which do not contest personal jurisdiction (9219-1568 Quebec Inc. and MG Freesites Ltd) can satisfy a potential judgment against them in these cases. The unaudited draft financials as of December 31, 2023, which are only preliminary drafts and are subject to change, note that total assets for 9219-1568 Quebec Inc. ▮▮▮▮▮ Further, the unaudited draft financials as of December 31, 2023 for Aylo Freesites Ltd (formerly known as MG Freesites Ltd), which are only preliminary drafts and are subject to change, similarly indicate that total assets ▮▮▮▮▮ In other words, each of 9219-1568 Quebec Inc. and Aylo Freesites Ltd stands financially capable of satisfying a potential judgment.

20. I also understand that Plaintiffs allege that Messrs. Antoon, Bergmair, and Tassillo improperly exercised control over the MindGeek business even though they had no roles in the entities had no authority to act as executives under the corporate forms. Plaintiffs are wrong.

21. The Shareholders' Agreement dated as of October 18, 2013, ▮▮▮ ▮▮▮▮▮ (the "Shareholders' Agreement"), ▮▮▮▮▮

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

17   22.   Messrs. Antoon and Tassillo were the CEO and COO, respectively, of 9219-1568 Quebec Inc. Accordingly, executive decision-making with respect to 9219-1568 Quebec Inc. was their primary responsibility.

20   23.   However, directors of the various MindGeek entities handled the day-to-day operations and decision-making of the MindGeek entity with which they respectively were affiliated.

23
24
25
26
27
28

7

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1  24. ████████████████████████████████████
2  ████████████████████████████████████████████
3  ████████████████████████████████████████████
4  ████████████████████████████████████████████
5  ████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ████████████████████████████████████████████
8  ████████████████████████████████████████████
9  ██████████████████████████████

## EACH DEFENDANT OBSERVES THE REQUIRED CORPORATE FORMALITIES.

25. Each of the MindGeek entities observes all necessary corporate formalities. Moreover, the MindGeek Defendants have never operated as a single business entity. Instead each has existed and operated as a distinct legal entity since before 2014.

26. MindGeek S.à r.l. is, and has been since October 2013, a private limited liability company (société à responsabilité limitée) incorporated under the laws of Luxembourg, having its current registered office at 46 Grand Rue, L-1660 Luxembourg and registered with the Luxembourg Register of Commerce and Companies (R.C.S. Luxembourg) ("RCS") under number B 181337.

27. MindGeek S.à r.l. has served during the relevant period as the ultimate parent corporation of MG Freesites Ltd, MindGeek USA Incorporated, MG Premium Ltd, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.

28. MindGeek S.à r.l. has been and is nothing more than a holding company, without any employees or operations of its own. MindGeek S.à r.l. has never had any offices or employees in the State of California, let alone the United States. MindGeek S.à r.l. has never exercised control over the day-to-day operations of the other

8

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

MindGeek corporate entities, including but not limited to the setting of individual salaries below the executive level.

29. During the relevant period, MindGeek S.à r.l. has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. As demonstrated in the chart below, the consolidated available cash (*i.e.*, excluding non-cash accounting charges such as depreciation and amortization) reported by MindGeek S.à r.l. is positive net income for every period in question, reflecting a healthy level of capitalization enabling it to pay its ordinary course debts as they came due and while contributing to servicing of debt at the top level of the organization.

| Year | MindGeek S.à r.l. Gross Revenue | MindGeek S.à r.l. Operating Expenses |
|---|---|---|
| 2013[1] | ███ | ███ |
| 2014 | ███ | ███ |
| 2015 | ███ | ███ |
| 2016 | ███ | ███ |
| 2017 | ███ | ███ |
| 2018 | ███ | ███ |
| 2019 | ███ | ███ |
| 2020[2] | ███ | ███ |

30. MindGeek S.à r.l. has always had the equivalent of its own designated board of directors, referred to as a board of managers, and has always observed all necessary corporate formalities, such as holding regular board-of-managers meetings

---

[1] The period covered by these figures represents only the 72-day period after MindGeek S.à r.l. acquired Manwin Holding S.à r.l. *See supra* ¶ 7.

[2] These figures are from unaudited draft financials, which are only preliminary drafts and are subject to change.

9

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

1   and annual shareholder meetings. The current members of the board of managers are
2   Anis Baba, Claude Favre and myself.

3         31. MG Freesites Ltd, formerly D.C.I. Capital Investments Limited, is and
4   has been since before 2013 a limited liability company organized and operating under
5   the laws of the Republic of Cyprus, having its head office at 195-197 Old Nicosia-
6   Limassol Road, Block 1 Dali Industrial Zone, Cyprus. Since this entity was acquired
7   by MindGeek, it has been known as MG Freesites Ltd.

8         32. During the relevant period, MG Freesites Ltd has been responsible for
9   operating tubesites, including Pornhub. MG Freesites Ltd has also operated
10  associated websites, including "Pornhub Premium," which offer certain subscription
11  content. In addition, MG Freesites Ltd operates the ModelHub program and Content
12  Partner Program.

13        33. MG Freesites Ltd has not during the relevant period ever had any offices
14  or employees in the State of California, or in the United States.

15        34. During the relevant period, MG Freesites Ltd has always been
16  adequately capitalized, both possessing its own bank accounts and serving as a party
17  to and responsible for fulfilling its own contracts. As demonstrated in the chart below,
18  the available cash (*i.e.*, excluding non-cash accounting charges such as depreciation
19  and amortization) reported by MG Freesites Ltd is positive net income for every
20  period in question, reflecting a healthy level of capitalization enabling it to pay its
21  ordinary course debts as they came due.

| Year | MG Freesites Ltd Gross Revenue | MG Freesites Ltd Operating Expenses |
|---|---|---|
| 2013 | ██████ | ██████ |
| 2014 | ██████ | ██████ |
| 2015 | ██████ | ██████ |
| 2016 | ██████ | ██████ |
| 2017 | ██████ | ██████ |
| 2018 | ██████ | ██████ |
| 2019 | ██████ | ██████ |
| 2020[3] | ██████ | ██████ |

35. During the relevant period, MG Freesites Ltd always has had the equivalent of its own designated board of directors, referred to as a board of managers, and always has observed all necessary corporate formalities, such as holding regular board-of-managers meetings. The current members of the board of managers are Anis Baba, Polina Hadjivasiliou, Charme Management Ltd and myself.

36. MindGeek USA Incorporated, formerly Manwin USA Incorporated, is and has been since before 2013, a corporation incorporated under the laws of the State of Delaware, having its principal executive office in Texas since 2023. The current address of that office is 610 Brazos Street, Suite 500, Austin, Texas 78701, United States of America.

37. MindGeek USA Incorporated's sole functions during the relevant period have been to distribute DVD-based content pursuant to the terms of one contract and to operate e-commerce merchandise stores. MindGeek USA Incorporated has not created, solicited, posted, managed, or had any other involvement with the website content at issue in the instant case.

---

[3] These figures are from unaudited draft financials, which are only preliminary drafts and are subject to change.

11

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

38. During the relevant period, MindGeek USA Incorporated has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. MindGeek USA Incorporated also has had during the relevant period its own designated board of directors and observed all necessary corporate formalities. Currently, the sole director of MindGeek USA Incorporated is Andrew Link.

39. MG Premium Ltd, formerly Froytal Services Ltd, is and has been since before 2013 a limited liability company organized and operating under the laws of the Republic of Cyprus, having its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus.

40. MG Premium Ltd is and has been since before 2013 responsible for operating websites referred to as "paysites," which offer certain subscription-based content. MG Premium Ltd does not operate Pornhub or Pornhub Premium, the ModelHub program or the Content Partner Program. MG Premium Ltd has not created, solicited, posted, managed, or had any other involvement with the website content at issue in the instant case. MG Premium Ltd also holds intellectual property rights to certain content that is not alleged to have anything to do with Plaintiffs.

41. MG Premium Ltd has not during the relevant period ever had any offices or employees in the State of California, or in the United States.

42. During the relevant period, MG Premium Ltd has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. As demonstrated in the chart below, the available cash (*i.e.*, excluding non-cash accounting charges such as depreciation and amortization) reported by MG Premium Ltd is positive net income for every period in question, reflecting a healthy level of capitalization enabling it to pay its ordinary course debts as they came due.

12

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

| Year | MG Premium Ltd Gross Revenue | MG Premium Ltd Operating Expenses |
|---|---|---|
| 2013 | ▓▓▓ | ▓▓▓ |
| 2014 | ▓▓▓ | ▓▓▓ |
| 2015 | ▓▓▓ | ▓▓▓ |
| 2016 | ▓▓▓ | ▓▓▓ |
| 2017 | ▓▓▓ | ▓▓▓ |
| 2018 | ▓▓▓ | ▓▓▓ |
| 2019 | ▓▓▓ | ▓▓▓ |
| 2020[4] | ▓▓▓ | ▓▓▓ |

43. During the relevant period, MG Premium Ltd has always had the equivalent of its own designated board of directors and has always observed all necessary corporate formalities, such as holding regular board-of-directors meetings. The current members of the board of directors are Anis Baba, Polina Hadjivasiliou, Charme Management Ltd and myself.

44. MG Global Entertainment Inc., formerly Playboy Plus Entertainment Inc., is and has been since before 2013 a corporation incorporated under the laws of the State of Delaware, having its principal executive office in Texas since 2023. The current address of that office is 610 Brazos Street, Suite 500, Austin, Texas 78701 United States of America.

45. During the relevant period, MG Global Entertainment Inc. provided television-based content and services to affiliated companies of the Group, with a focus on cable operators, hotels, and cruise ships, among other content providers.

46. During the relevant period, MG Global Entertainment Inc. has also provided limited support services to other MindGeek corporate entities. As discussed

---

[4] These figures are from unaudited draft financials, which are only preliminary drafts and are subject to change.

13

DECLARATION OF ANDREAS ALKIVIADES ANDREOU
IN SUPPORT OF MOTION TO DISMISS

in more detail above, those services have been and are provided pursuant to written agreements which respect the separateness of the service provider and the service receiver. Currently, two employees of MG Global Entertainment Inc. have responsibilities for Trust and Safety on MindGeek websites, including the tubesites. None has or has had any responsibility for moderation of content before it is uploaded to the tubesites, and none is alleged to have had anything to do with Plaintiffs.

47. During the relevant period, MG Global Entertainment Inc. has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. During the relevant period, MG Global Entertainment Inc. also has always had its own designated board of directors and observed all necessary corporate formalities. Currently, the sole director of MG Global Entertainment is Andrew Link.

48. 9219-1568 Quebec Inc. is and has been since before 2013 a corporation organized and operating under the laws of the Province of Quebec, Canada, having its head office at 7777 Decarie Boulevard, Montreal, Quebec H4P-2H2.

49. During the relevant period, 9219-1568 Quebec Inc. has not had any offices in the State of California, or in the United States. It previously had two employees in the United States, not in California, who provided services to MindGeek's paysite businesses, not to any of MindGeek's tubesites which are at issue in this litigation.

50. During the relevant period, 9219-1568 Quebec Inc. has always been adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts. As demonstrated in the chart below, the consolidated available cash (*i.e.*, excluding non-cash accounting charges such as depreciation and amortization) reported by 9219-1568 Quebec Inc. is positive net income for every period in question, reflecting a healthy level of capitalization enabling it to pay its ordinary course debts as they came due.

| Year | 9219-1568 Quebec Inc. Gross Revenue | 9219-1568 Quebec Inc. Operating Expenses |
|---|---|---|
| 2013 | ██████ | ██████ |
| 2014 | ██████ | ██████ |
| 2015 | ██████ | ██████ |
| 2016 | ██████ | ██████ |
| 2017 | ██████ | ██████ |
| 2018 | ██████ | ██████ |
| 2019 | ██████ | ██████ |
| 2020[5] | ██████ | ██████ |

51. During the relevant period, 9219-1568 Quebec Inc. has always had its own designated board of directors and observed all necessary corporate formalities. As it does not contain any executive business functions and serves solely as an administrative unit, 9219-1568 Quebec Inc. has not taken material actions requiring board or stockholder approval. Most actions are instead completed by written resolutions. The current members of its board of directors are Polina Hadjivasilliou and myself.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2024 at Nicosia, Cyprus.

_____
Andreas Alkiviades Andreou

---

[5] These figures are from unaudited financial statements.