Michael J. Bowe
(*pro hac vice*)
mbowe@brownrudnick.com
Lauren Tabaksblat
(*pro hac vice*)
ltabaksblat@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Phone: 212.209.4800
Fax:      212.209.4801

David M. Stein (State Bar # 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane # 301
Newport Beach, CA 92663
Phone: 949.887.4600

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A.,<br><br>                Plaintiff,<br><br>     v.<br><br>MINDGEEK S.A.R.L. a foreign entity; MG FREESITES LTD, a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK | Case No. 2:24-cv-04786-WLH-ADS<br><br>**PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' SEALING APPLICATIONS RELATED TO DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINTS IN RELATED ACTIONS [ECF NOS. 69, 73, AND 76]**<br><br>Place: Courtroom 9B<br>Judge: Hon. Wesley L. Hsu<br><br>Complaint Filed: June 7, 2024 |

| | |
|---|---|
| 1 | CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; COLBECK DOE FUNDS 1-3, |
| 2 | |
| 3 | Defendants. |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Plaintiffs in the 14 Related Actions identified below[1] respectfully submit this Omnibus Opposition to the MindGeek Defendants' Civil Local Rule 79-5.2.2 Application for Leave to File Documents Under Seal (ECF No. 76), the Redwood Defendants' Application for Leave to File Under Seal Redwood Capital Management, LLC's Omnibus Memorandum of Points and Authorities in Support of Motion to Dismiss Complaints in Related Cases (ECF No. 69), and the Colbeck Defendants' Application for Leave to File Under Seal Documents in Support of Their Omnibus Motion to Dismiss (ECF No. 73) (collectively, "Defendants' Sealing Applications").

Defendants' Sealing Applications should be denied in their entirety because they do not provide the compelling reasons required to justify sealing these materials.

## I. FACTUAL BACKGROUND

In connection with their motions to dismiss, the MindGeek Defendants, Redwood, and Colbeck seek to seal portions of their supporting memoranda of points and authorities, and portions of their declarations. Further, Colbeck seeks to seal the entirety of two exhibits.

By Order dated July 29, 2022, the Court in *Serena Fleites et al. v. MindGeek S.A.R.L. et al.,* Case No. 2:21-cv-04920-WLH-ADS (the "*Fleites* Action") directed the parties to complete jurisdictional discovery at ECF No. 167. Consistent with that Order, the MindGeek Defendants produced thousands of pages of documents, virtually all of which it designated Confidential or Highly Confidential under the

---

[1] *K.A. v. MindGeek S.A.R.L. et al.*, 24-cv-04786; *N.L. v. MindGeek S.A.R.L. et al.*, 24-cv-04788; *T.C. v. MindGeek S.A.R.L. et al.*, 24-cv-04795; *X.N. v. MindGeek S.A.R.L. et al.*, 24-cv-04800; *N.Y. v. MindGeek S.A.R.L. et al.*, 24-cv-04801; *L.T. v. MindGeek S.A.R.L. et al.*, 24-cv-04791; *J.C. v. MindGeek S.A.R.L. et al.*, 24-cv-04971; *W.L. v. MindGeek S.A.R.L. et al.*, 24-cv-04977; *C.S. v. MindGeek S.A.R.L. et al.*, 24-cv-04992; *S.O. v. MindGeek S.A.R.L. et al.*, 24-cv-04998; *L.S. v. MindGeek S.A.R.L. et al.*, 24-cv-05026; *W.P. v. MindGeek S.A.R.L. et al.*, 24-cv-05185; *A.K. v. MindGeek S.A.R.L. et al.*, 24-cv-05190; and *J.L. v. MindGeek S.A.R.L., et al.*, 24-cv-07046.

Stipulated Protective Order entered by the Court on October 14, 2022 at ECF No. 187.  The MindGeek Defendants, Redwood, and Colbeck sought to seal the same material at issue here in their sealing applications in the *Fleites* Action at ECF Nos. 445, 439, 443, respectively (the "*Fleites* Sealing Applications").  Plaintiff in the *Fleites* Action filed a Consolidated Opposition to Defendants' Sealing Applications Related to Defendants' Motions to Dismiss at ECF No. 468 (the "*Fleites* Sealing Opposition").  Defendants filed an omnibus reply at ECF No. 471.  The Court has not yet issued a ruling on the *Fleites* Sealing Applications.

In summary, the information Defendants seek to seal include:

- Loan agreements between certain MindGeek Defendants and third-party lenders for years 2011, 2013, and 2018;
- Financial transfer-pricing studies prepared by Raymond Chabot Grant Thornton LLP in connection with related party transactions provided by one MindGeek entity to another MindGeek entity for year 2017;
- A 2020 notice of default sent in connection with loan agreements;
- Intellectual property licensing information;
- Internal business practices related to all content uploaded to the Pornhub website;
- Terms of service agreements between certain MindGeek Defendants;
- Information relating to the economic rights of shareholders and agreed-upon governance of the MindGeek entities;
- Audited financial statements and information of certain MindGeek Defendants; and
- Information relating to the operations of the MindGeek entities, including the provisions of financing and leading between MindGeek entities.

## II. LEGAL STANDARD

The U.S. Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In the Ninth Circuit, courts considering a sealing request "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). This strong presumption is based on, among other things, the interest in "promoting the public's understanding of the judicial process and of significant public events[.]" *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

Courts distinguish judicial records attached to dispositive motions (such as motions to dismiss) from those records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy," whereas "a 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The compelling reasons standard applies here because Defendants' Sealing Applications seek to seal information and documents in connection with their dispositive motions. This is a stringent standard, and it requires more than "hypothesis or conjecture." *Id.* at 1179. In a case where a compelling reason is articulated, "the court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

## III. ARGUMENT

### A. Defendants' Sealing Applications Do Not Offer Any Compelling Reasons To Depart From The Presumptive Rule Of Public Access.

As in the *Fleites Action*, Defendants' Sealing Applications fail to satisfy their heavy burden to justify sealing for several independent reasons.

*First*, the MindGeek Defendants rely on conclusory assertions that the materials they seek to seal contains confidential business information, trade secrets, or financial information. ECF No. 76. But mere conclusory allegations like this are not sufficient; the proponent must state a specific reason why sealing is warranted, including supporting facts. *Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11-01657 MMM (JCGx), 2012 WL 12882384, at *3 (C.D. Cal. Dec. 3, 2012) ("Although it is often appropriate to seal 'sources of business information that might harm a litigant's competitive standing,' the applicant must provide a specific, articulated explanation as to why the information must be sealed, and adduce sufficient facts to support its explanation.") (first citing *Nixon*, 435 U.S. at 598; then citing *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)).

*Second,* the MindGeek Defendants and Redwood note that the documents they seek to seal contain materials designated as Confidential or Highly Confidential under the Stipulated Protective Order in the *Fleites* Action. ECF No. 76 at 1; ECF No. 69 at 5. Under Ninth Circuit precedent, however, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana,* 447 F.3d at 1179; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Reliance will be less with a blanket [protective] order, because it is by nature overinclusive. . . . [Defendant] never had to make a 'good cause' showing under Fed.R.Civ.P. 26(c) of the need for protection of the deposition transcripts in the first place").

*Third*, to the extent some of the materials Defendants seek to seal include financial information, that information is years-old, and, in some cases, close to a decade old, undermining any argument that disclosure would result in competitive

disadvantage or prejudice. For example, Defendants seek to loan agreements from 2011, 2013, and 2018 and information referencing those agreements. It is well established that "[f]inancial information is not *per se* subject to sealing, particularly where the passage of time has ameliorated the sensitivity of the information." *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *4 (S.D. Cal. Mar. 2, 2023) ("Here, the financial information in question is three to four years out of date, and Defendants have not supported the assertion that their interest in the confidentiality of this information outweighs the public's right of access with any specific factual findings."); *see also Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-cv-555-L-NLS, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (denying defendants' request to seal financial information that is several years old where "[d]efendants have not shown why this outdated information would have any effect on [defendant's] competitive standing at the present"). now"). Defendants have offered no explanation as to why this historical information warrants protection or how loan rates and terms in years-old documents would prejudice them in ongoing or future business opportunities.

This is particularly true here, where much of the financial information Defendants seek to seal has been superseded by subsequent agreements with different terms and between different parties, including in connection with the 2023 sale of the Individual Defendants' ownership interests in MindGeek to Montreal "pop-up" Ethical Partners. Courts within the Ninth Circuit have denied applications to seal information in expired contracts or agreements that have been superseded where defendants fail to demonstrate its relevancy in the current market. *See, e.g., Fekrat v. United States*, No. CV 13-00594 MMM (PJWx), 2013 WL 12133643, at *2 (C.D. Cal. July 9, 2013) (denying government's motion to seal expired contract, noting that "it is less clear that the older exhibit contains information that is relevant in the current market"); *In Re NCAA Student-Athlete Name and Likeness Licensing*

1  *Litigation*, No. 09-CV-01967 CW (NC), 2012 WL 4497775, at *4 (N.D. Cal. Sept. 28, 2012) (denying motion to seal superseded agreements which contain outdated language where there were no specific examples given as to how disclosure of information in agreements entered into 13 and 18 years ago would cause prejudice). Again, Defendants offer no explanation for how disclosure of these superseded market terms would disadvantage Defendants in future negotiations. Redwood's and Colbeck's argument that disclosure would prejudice third parties named in the superseded loan agreements fails for the same reasons.

*Fourth*, Defendants argue that the information they seek to seal is not public information and that none of the parties intended for the information to be made public. ECF No. 76 at 1; ECF No. 69 at 4; ECF No. 74 at 5. Courts within the Ninth Circuit have denied requests to seal non-public information where a party fails to demonstrate how public access to the information would allow it to become "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. SACV-16-01371- CJC (KESx), 2018 WL 1895695, at *2–3 (C.D. Cal. Apr. 19, 2018) (denying application to seal non-public consumer research study containing confidential and proprietary information where party failed to indicate what particular information in the voluminous study was confidential or proprietary) (citing *Kamakana*, 447 F.3d at 1179); *see also Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*, No. CV 20-9091 PA (ASx), 2021 WL 5279575, at *2 (C.D. Cal. Sept. 21, 2021) (denying application to seal documents and information reflecting the parties' non-public and detailed financial information where "[d]efendant's wholly conclusory allegations of prospective competitive harm which may or could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing"); *see also L.A. Triumph, Inc. v. Ciccone*, No. CV 10-

06195 SJO (JCx), 2011 WL 13217375, at *1 (C.D. Cal. May 12, 2011) (observing that even where good cause exists to label the parties' non-public business information confidential, that fact alone is insufficient to demonstrate compelling reasons to seal).

*Fifth*, with respect to Redwood's and Colbeck's arguments that the information they seek to seal is subject to express confidentiality provisions and/or contain references to confidential terms of confidential agreements and that the disclosure of such information would expose them to potential litigation (ECF No. 69 at 4; ECF No. 74 at 5), courts are not required to protect litigants from "exposure to additional liability and litigation." *Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) (finding that confidentiality provision in settlement agreement was insufficient justification to grant motion to seal).

### B. COLBECK'S SEALING APPLICATION IS NOT NARROWLY TAILORED.

Finally, Colbeck's sealing application should be denied for the independent reason that the request to seal the 2011 and 2013 loan agreements in their entirety, as opposed to redacting specific portions that contain purported confidential business and financial information, is not narrowly tailored. *See, e.g.*, *Audionics Sys. Inc v. AAMP of Fla. Inc*, No. CV 12-10763 MMM (JEMx), 2013 WL 12129952, at *3 (C.D. Cal. Dec. 6, 2013) ("[Defendant's] request to seal the documents in their entirety is also overbroad. It appears that any confidential information contained in the documents could be easily redacted, and that sealing the documents in their entirety is unnecessary."); *Griffo v. Oculus VR, Inc.*, No. SA-CV-151228-DOC (MRWx), 2018 WL 11352472, at *2 (C.D. Cal. Sept. 20, 2018) ("The Court cautions that Defendants must narrowly tailor the request. The Court will not seal entire exhibits or pages of relevant testimony or financial documents[.]"). Local Rule 79-

5.2.2(a)(ii) requires that requests be "narrowly tailored to seal only the sealable material."

## IV. CONCLUSION

Defendants' Sealing Applications fail to demonstrate compelling reasons to seal. Thus, the Court should deny the applications in their entirety. At the very least, the Court should deny without prejudice Colbeck's sealing application and require Colbeck to resubmit their application with narrowly tailored redactions to seek sealing of only the most sensitive information that meets the compelling reasons standard.

Dated: November 7, 2024                                Respectfully submitted,


                                                                         */s/ Lauren Tabaksblat*_____
                                                                          Michael J. Bowe (*pro hac vice*)
                                                                          mbowe@brownrudnick.com
                                                                          Lauren Tabaksblat (*pro hac vice*)
                                                                          ltabaksblat@brownrudnick.com
                                                                          **BROWN RUDNICK LLP**
                                                                          7 Times Square
                                                                          New York, NY 10036
                                                                          Phone: 212.209.4800
                                                                          Fax:     212.209.4801

                                                                          David M. Stein (State Bar #198256)
                                                                          dstein@olsonstein.com
                                                                          **OLSON STEIN LLP**
                                                                          240 Nice Lane #301
                                                                          Newport Beach, CA 92663
                                                                          Phone: 949.887.4600

                                                                          **Counsel for Plaintiff**