1  JAMES M. PEARL (SB# 198481)
   jamespearl@paulhastings.com
2  KIAURA CLARK (SB# 336314)
   kiauraclark@paulhastings.com
3  **PAUL HASTINGS LLP**
   1999 Avenue of The Stars, 27th Floor
4  Los Angeles, California  90067
   Telephone:  1(310) 620-5700
5  Facsimile:  1(310) 620-5899

6  ADAM M. REICH (SB# 274235)
   adamreich@paulhastings.com
7  EMMA LANZON (*pro hac vice*)
   emmalanzon@paulhastings.com
8  **PAUL HASTINGS LLP**
   71 South Wacker Drive, 45th Floor
9  Chicago, Illinois 60606
   Telephone:  1(312) 499-6000
10 Facsimile:  1(312) 499-6100

11 *[Additional Counsel for Defendant continued on next page]*

12 *Attorneys for Defendants Redwood Capital
   Management, LLC; Redwood Master Fund,
13 Ltd; Redwood Opportunity Master Fund, Ltd;
   Manuel 2018, LLC; Ginogerum, LLC; and
14 White-Hathaway Opportunity Fund, LLC*

15

16

17                UNITED STATES DISTRICT COURT

18                CENTRAL DISTRICT OF CALIFORNIA

19 | K.A., | CASE NO. 2:24-cv-04786-WLH-ADS |

20 | Plaintiff, | **REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REDWOOD'S OMNIBUS REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINTS IN RELATED CASES** |

21 vs.

22 MINDGEEK S.A.R.L. a foreign entity; MG FREESITES, LTD., a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; MG PREMIUM LTD, a foreign entity; MG GLOBAL ENTERTAINMENT INC., a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; BERND BERGMAIR, a foreign individual; FERAS ANTOON, a foreign individual; DAVID

*Declaration of Adam M. Reich and [Proposed] Order Submitted Concurrently Herewith*

Place:   Courtroom 9B
Judge:   Hon. Wesley L. Hsu

---

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
OMNIBUS REPLY

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | TASSILLO, a foreign individual; VISA INC., a Delaware corporation; REDWOOD CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; REDWOOD DOE FUNDS 1-7; COLBECK CAPITAL MANAGEMENT, LLC, a Delaware company, COLBECK DOE FUNDS 1-3,<br><br>          Defendants. | Complaint filed: June 7, 2024 |

1  *[Additional Counsel for Defendants continued from caption page]*

2  KRISTOPHER M. HANSEN (*pro hac vice*)
krishansen@paulhastings.com
3  **PAUL HASTINGS LLP**
200 Park Avenue
4  New York, New York 10166
Telephone: 1(212) 318-6000
5  Facsimile: 1(212) 752-3310

Pursuant to Local Rule 79-5.2.2, Defendants Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC (collectively, "Redwood" or "Redwood Defendants") respectfully submit this Application for Leave to File Under Seal limited portions of Redwood's Omnibus Reply in Support of Motion to Dismiss Complaints in Related Cases (the "Reply") (the "Application").

Redwood sought to seal the same confidential material (the "Confidential Material") in the Application for Leave to File Under Seal Materials Related to the Omnibus Motion to Dismiss at ECF Nos. 69 and 71 (the "First Application to Seal") and in *Fleites v. MindGeek S.a.r.l. et al.*, Case No. 21-cv-04920-WLH-ADS (the "*Fleites* Case") (ECF Nos. 495, 493, 449, 450) (the "*Fleites* Applications"). Plaintiffs thereafter filed a Consolidated Opposition to Defendants' Sealing Applications Related to Defendants' Motions to Dismiss the Complaints in the Related Actions at ECF No. 89. The Court has not yet issued a ruling on the First Application to Seal or the *Fleites* Applications.

Redwood, through counsel, advised Plaintiffs, through counsel, of its intent to similarly apply to seal the same Confidential Material that it sought to seal in the First Application and the *Fleites* Applications, on January 7, 2025. *See* Declaration of Adam M. Reich in support hereof ("Reich Decl."), ¶ 6. Plaintiffs indicated that they would oppose the Application. *Id.*

The standard of review a court applies when reviewing applications to seal depends on whether the application is brought in connection with dispositive motions or non-dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). A "compelling reasons" standard applies to dispositive motions. *Id.*

Under the "compelling reasons" standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal

documents. *Pintos*, 605 F.3d at 679. "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 679 n.6 (citation omitted). This list is not exhaustive.

There are a variety of "compelling reasons" to seal documents. Courts have found "compelling reasons" to seal documents, where their disclosure would be in violation of a specific confidentiality provision set forth in those documents. *See, e.g.*, *SDI Labs, Inc. v. Sameday Techs., Inc.,* No. CV 23-05619-MWF (MRWx), 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023) (concluding "compelling reasons" existed to seal a term sheet, which contained a confidentiality provision that may "expos[e] [the defendants] to a potential lawsuit" if disclosed) (alterations added) (citation omitted); *Hubrick Ltd. v. Wanderset, Inc.*, No. CV18-7980-SJO (RAOx), 2019 WL 3000652, at *6 (C.D. Cal. Mar. 19, 2019) (finding compelling reasons to seal a document, where disclosure would "risk potential lawsuits and injury as a result of a breached confidentiality agreement").

Courts have also found compelling reasons to seal documents where disclosure would risk competitive injury. *See, e.g., In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 WL 6252523, at *2 (S.D. Cal. May 9, 2018) (finding that compelling reasons existed to seal certain information subject to confidentiality agreements); *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *14 (S.D. Cal. Feb. 22, 2007) (granting an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information[]" and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) (granting a request to seal a petition because it contained information

that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations"). Courts have also sealed documents that reflect "confidential business strategies and other commercially sensitive information." *See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (commenting that future business planning and competitive strategy amount to "quintessential business information that may harm a firm's competitive standing if disclosed to the public") (citations omitted). This is consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted).

The Ninth Circuit has also repeatedly stated that confidential and proprietary business information should be filed under seal. *See, e.g., IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998); *In Re Duel-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information") (alteration added).

In light of the foregoing, there are compelling reasons for the Court to grant Redwood's Application:

**First**, portions of the Reply reference the 2013 Financing Agreement and the 2018 Financing Agreement, which each contain express confidentiality provisions (*see Fleites* Applications to Seal (citing Pearl Decl., Exs. B at 143, C at 150-52)), and disclosure of their terms would expose Redwood to potential litigation relating to those provisions. Accordingly, compelling reasons warrant sealing citation and/or reference thereto. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs,* 2023 WL 10407399, at *1. In addition, because the 2013 Financing Agreement and the 2018 Financing Agreement contain confidential financing terms, were not previously

disclosed before, and reflect confidential business strategies and approaches to financing negotiations of Redwood and other lenders, there are additional compelling reasons to seal those portions of the Reply that cite and/or reference the 2013 and 2018 Financing Agreements. *See Actian Corp. v. AB Sciex LLC*, No. 23-cv-05113-BLF, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023) ("Compelling reasons exist to seal confidential business information, the disclosure of which would cause a party competitive harm."); *Adema Techs., Inc. v. Wacker Chemie AG*, No. 5:13-cv-05599-PSG, 2013 WL 6622904, at *2 (N.D. Cal. Dec. 16, 2013) (finding compelling reasons justified sealing a Supply Agreement because "the structure and terms . . . [we]re considered highly confidential commercial information by [the movant]" and the movant only ever disclosed its supply agreements "with the protection of a confidentiality agreement and to government authorities when required and with as much protection from public disclosure as possible"); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29., 2016) (finding "compelling reasons exist to seal [a financing document] because the public release of confidential finance information puts Defendants, and the companies which they manage, at a competitive disadvantage when negotiating future loan terms, contracts with customers, and business opportunities") (alteration added). Here, disclosure of loan terms would "create an asymmetry of information in the negotiation of future . . . deals," sealing is appropriate. *Apple, Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012). Furthermore, because versions of the 2013 and 2018 Financing Agreements were produced by another party in this case, which that party's counsel designated as Highly Confidential pursuant to the Amended Protective Order entered in the *Fleites* Case (*see* Reich Decl., ¶ 5), compelling reasons exist to maintain citation and/or reference to the agreements' terms under seal.

    ***Second***, portions of the Reply reference the <u>Notice of Default</u>, which was designated as confidential (*see Fleites* Applications (citing Pearl Decl., Ex. D)), sent in connection with confidential financing agreements, and references confidential terms of confidential agreements.  Accordingly, compelling reasons warrant sealing citation and/or reference thereto. *See Hubrick*, 2019 WL 3000652, at *6; *SDI Labs*, 2023 WL 10407399, at *1; *see also Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, No. 17-cv-03764-EDL, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017) (holding that materials that "refer to confidential agreements [] often [provide] a compelling reason justifying sealing if the agreements contain commercially sensitive information"), *R. & R. adopted by*, 2018 WL 3069296 (N.D. Cal. Feb. 27, 2018) (citations omitted); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) (ordering contracts sealed because they "contain[ed] proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements").

    In sum, compelling reasons exist to seal limited portions of the Reply that cite and/or reference details of the 2013 and 2018 Financing Agreements and the Notice of Default, which, as set forth above and in the First Application to Seal and the *Fleites* Applications, each have compelling reasons to be maintained under seal. *See, e.g., Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2017 WL 1036652, at *2 (N.D. Cal. Mar. 17, 2017) (granting sealing as to excerpts of opposition brief referencing exhibits sealed by the court).

    In light of the fact that there are multiple, articulable compelling reasons to seal limited portions of the Reply, Redwood respectfully requests that the Court grant this Application.

| | | |
|---|---|---|
| 1 | DATED: January 8, 2025 | **PAUL HASTINGS LLP** |

By: */s/ James M. Pearl*
    JAMES M. PEARL

*Attorneys for Defendants Redwood Capital Management, LLC; Redwood Master Fund, Ltd; Redwood Opportunity Master Fund, Ltd; Manuel 2018, LLC; Ginogerum, LLC; and White-Hathaway Opportunity Fund, LLC*

REDWOOD DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REPLY ISO MOTION TO DISMISS