| | |
|---|---|
| DAN MARMALEFSKY (CA SBN 95477) DMarmalefsky@mofo.com Morrison & Foerster LLP 707 Wilshire Boulevard Los Angeles, California 90017-3543 Telephone: 213-892-5200 Facsimile: 213-892-5454 | RONALD G. WHITE (admitted pro hac vice) RWhite@wmhwlaw.com Walden Macht Haran & Williams LLP 250 Vesey Street New York, NY 10281 Telephone: 212-335-2387 Facsimile: 212-335-2040 |

Attorneys for Defendant Bernd Bergmair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A.,<br><br>            Plaintiff,<br>vs.<br>MINDGEEK S.A.R.L., et al.,<br><br>            Defendants. | Case No. 2:24-cv-04786-WLH-ADS<br><br>**DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER**<br><br>Date: January 31, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu<br>Complaint Filed: June 17, 2021<br>Trial Date: None Set |

Pursuant to Local Rule 79-5.2.2 and the Stipulated Protective Order entered by this Court on November 8, 2024 (Dkt. 91), Defendant Bernd Bergmair hereby submits this Application for Leave to File Under Seal Material Designated as Confidential Pursuant to a Protective Order. In support of this Application, Bergmair states as follows:

1. This application seeks leave to file under seal portions of the contemporaneously-filed Defendant Bernd Bergmair's Reply in Support of Motion to Dismiss Plaintiff's Complaint ("Bergmair Reply"), which references portions of materials that were previously filed under seal, including: Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss (ECF No. 96-1, "Plaintiff Opp."); Defendant Bernd Bergmair's Motion to Dismiss the Second Amended Complaint in *Fleites* (*Fleites* ECF No. 433, "Bergmair *Fleites* Motion"); Exhibits to the Declaration from Ronald G. White in Support of Defendant Bernd Bergmair's Motion to Dismiss the Second Amended Complaint in *Fleites* (*Fleites* ECF No. 433-2, "White *Fleites* Decl."); the Declaration of Andreas Andreou and one attached exhibit, submitted in support of the MindGeek Entity Defendants' Motion to Dismiss the Second Amended Complaint in *Fleites* (*Fleites* ECF No. 440-2, "Andreou Decl."); Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss the Second Amended Complaint in *Fleites* (*Fleites* ECF No. 477, "Plaintiff *Fleites* Opp."); and Defendant Bernd Bergmair's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint in *Fleites* (*Fleites* ECF No. 499, "Bergmair *Fleites* Reply" and together with Bergmair Reply, Plaintiff Opp., Bergmair *Fleites* Motion, White *Fleites* Decl., Andreou Decl., Plaintiff *Fleites* Opp., and Bergmair *Fleites* Reply, the "Materials Previously Filed Under Seal").

2. The Materials Previously Filed Under Seal are subject to applications for leave to file under seal in *Fleites* and *K.A.*

3. Specifically, as set forth below, Bergmair requests that portions of the Bergmair Reply which refer to the Materials Previously Filed Under Seal be filed under seal, in whole or in part.

4. The Protective Order allows a party to designate material that it produces as "Confidential" if it qualifies for protection under Fed. R. Civ. P. 26(c), or as otherwise provided for in a party's good cause statement.

## I. Material Designated by Bergmair as Confidential or Highly Confidential

5. Bergmair seeks to seal portions of the Bergmair Reply which refer to the Materials Previously Filed Under Seal. The designated information constitutes personal financial information regarding Bergmair's investment in a private company. This includes (1) the amount of money Bergmair invested in MindGeek, the amount of money for which he sold his MindGeek shares, and other sensitive information concerning financing of his investment; and (2) Bergmair's shareholding and economic interests and other rights he received in exchange for his investment. Specifically, Bergmair requests that the following excerpts be filed under seal:

| **MATERIAL REQUESTED FOR SEALING** | **REASON** |
|---|---|
| • Bergmair Reply at:<br>　○ 1:10-11<br>　○ 3:13-16<br>　○ 3:19-20<br>　○ 4:17-19<br>　○ 5:3-11<br>　○ 5:14 | Amount of money Bergmair invested in MindGeek, amount of money for which he sold his MindGeek shares, and other sensitive information concerning financing of his investment |

| **MATERIAL REQUESTED FOR SEALING** | **REASON** |
|---|---|
| • Bergmair Reply at:<br>　○ 2:2<br>　○ 2:4-9<br>　○ 4:14-15<br>　○ 4:21-5:2<br>　○ 4:27-28 (n.7)<br>　○ 5:24-28 (n. 8)<br>　○ 6:8-10<br>　○ 6:13-20<br>　○ 6:24-26<br>　○ 6:28 (n. 9)<br>　○ 7:5-8<br>　○ 7:20-22 | Bergmair's shareholding and economic interests and other rights he received in exchange for his investment |

6. As previously set forth in the sealing applications, Bergmair's narrowly tailored sealing request satisfies the standard for sealing set forth in (1) the sealing application filed with the Bergmair *Fleites* Motion (*Fleites* ECF No. 434); (2) the sealing application filed with the Bergmair *Fleites* Reply (*Fleites* ECF No. 502); and (3) the declaration filed in support of the sealing application filed with Plaintiff Opp. (ECF No. 98).

## II. Material Designated as Confidential or Highly Confidential by Others

7. Local Rule 79-5.2.2 provides that where a Filing Party seeks to file a document containing information previously designated as confidential by another pursuant to a protective order, and the document cannot be suitably redacted by agreement, the Filing Party may file an Application for Leave to File Under Seal. The Rule further requires the Filing Party to confer with the Designating Party at least three days before seeking to file the document(s) under seal and, if sealing remains necessary, to serve a copy of the application and any supporting declaration on the Designating Party the same day the motion is filed, so that the Designating Party may, within four days, file a declaration that establishes why all or part of the designated material is sealable.

8. On January 8, 2025, Bergmair notified the MindGeek Entity Defendants, Feras Antoon, and David Tassillo of his intent to rely on materials they previously designated as confidential or highly confidential during jurisdictional discovery.

9. Accordingly, under Local Rule 79-5.2.2, Bergmair has redacted the designated material in the publicly filed version of the Bergmair Reply.

10. Bergmair is attaching the following to the sealed declaration in support of this Application:

| Attachment to Sealed Declaration in Support of this Application | Description |
| --- | --- |
| A | Unredacted version of the Bergmair Reply with the designated material highlighted |

11. The parties have been served with a copy of this Application today through CM/ECF system, and by email, as required by Local Rule 79-5.2.2.

Dated: January 8, 2025                    Respectfully submitted,

                                          */s/ Ronald G. White*
                                          Ronald G. White

# CERTIFICATE OF SERVICE

The undersigned, the counsel of record for Bernd Bergmair, certifies that the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on January 8, 2025 upon all counsel of record via email.

Dated: January 8, 2025

Respectfully submitted,

*/s/ Ronald G. White*
RONALD G. WHITE
(admitted *pro hac vice*)
rwhite@wmhwlaw.com
Walden Macht Haran & Williams LLP
250 Vesey Street
New York, NY  10281
Tel: (212) 335-2387
Fax: (212) 335-2040

DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Attorneys for Defendant Bernd Bergmair