Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

*[Additional Defendants' Counsel continued on next page]*

*Attorneys for Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.A.<br><br>        Plaintiffs,<br>v.<br>MINDGEEK S.À R.L, et al.,<br>        Defendants. | Case No. 2:24-cv-04786-WLH-ADS<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF DEFENDANT BERND BERGMAIR'S APPLICATION FOR LEAVE TO FILE UNDER SEAL MATERIAL DESIGNATED AS CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER [DKT. 117]**<br><br>Hearing Date:   January 31, 2025<br>Hearing Time:   1:30 p.m.<br>Courtroom:       9B<br>Judge:                 Hon. Wesley L. Hsu<br><br>Complaint Filed: June 7, 2024<br>Trial Date:            None Set |

- 1 -
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION
FOR LEAVE TO FILE UNDER SEAL – Case No. 2:24-cv-04786-WLH-ADS

1  Seth R. Goldman (*Pro Hac Vice App. Forthcoming*)
   sgoldman@mintz.com
2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   919 Third Avenue
3  New York, NY 10022
   Telephone: (212) 692-6845
4  Facsimile: (212) 983-3115

5  Peter A. Biagetti (*Admitted Pro Hac Vice*)
   pabiagetti@mintz.com
6  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   One Financial Center
7  Boston, MA 02111
   Telephone: (617) 542-6000
8  Facsimile:  (617) 542-2241

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF PETER A. BIAGETTI**

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts admitted *pro hac vice* to appear before this Court (Dkt. 53), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek, S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Defendant Bernd Bergmair's ("Bergmair") Application for Leave to File Under Seal Material Designated Confidential Pursuant to a Protective Order, Dkt. 117. Bergmair seeks to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022, Dkt. 187, and the Amended Stipulated Protective Order entered by the Court on December 13, 2024, Dkt. 516, in the related case, *Fleites v. MindGeek S.a.r.l. et al. et al.*, Case No. 21-cv-04920-WLH-ADS, filed in support of his Reply in Support of his Motion to Dismiss on January 8, 2025, Dkt. 116. *See* Dkt. 117.

3. Specifically, Bergmair requests that the following materials be filed under seal:

| DOCUMENT | MATERIAL TO BE SEALED |
|---|---|
| Defendant Bernd Bergmair's Reply ISO Motion to Dismiss ("Bergmair Reply") | Page 6,[1] lines 10-11<br><br>Page 7, lines 2, 4-9<br><br>Page 8, lines 13-16, 19-20 |

---

[1] All page numbers herein refer to the ECF page numbers.

| DOCUMENT | MATERIAL TO BE SEALED |
|---|---|
|  | Page 9, lines 14-15, 17-19, 21-25 & fn. 7 |
|  | Page 10 lines 1-11, 14 & fn. 8 |
|  | Page 11, lines 8-10, 13-20, 24-26 & fn. 9 |
|  | Page 12, lines 5-8, 20-22 |

## I.   The Standard for Sealing Records

4.   The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

5.   The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

6. The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

7. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions and corporate structure).

8. Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

///

## II. The Materials Identified in Bergmair's Application Should Redacted Appropriately

9. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or other parties identified in Bergmair's Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses that is subject to applications for leave to file under seal in *Fleites* and *K.A.*, including:

a. Confidential information relating to MindGeek entities' financial condition, profitability and confidential financial terms regarding investment and/or the sale of certain business/entities (Reply, at 6:10-11, 8:13-16, 8:19-20 & fn. 8, 8:14);

b. Confidential information and business strategies and negotiations relating to corporate structure, including strategies related to structuring of the MindGeek entities for alleged tax-planning purposes (Reply, at 9:14-15, 9:17-19, 10:3-11); and

c. Confidential information relating to the operations of the MindGeek entities, including employment decisions, compensation, ownership interests, the alleged rights and involvement of certain shareholders, investors, and executive employees (Reply, at 7:2, 7:4-6, 7:7-9, 9:21-22, 9:23-25 & fn. 7, 10:1-3, 11:8-10, 11:13-18, 11:19-20 & fn. 9, 11:24-11:26, 12:5-8, 12:20-22).

10. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or other parties as identified in Bergmair's Application implicate the MindGeek Defendants' sensitive and confidential internal business practices and financial information. The disclosure of such information would result

1  in harm to the MindGeek Defendants' business if made public. Thus, the MindGeek
2  Defendants seek an order sealing this information from the public record.
3     11.  The sealing request also is narrowly tailored as Bergmair seeks to seal
4  only those portions of the Reply that contains confidential and non-public business
5  information.

7  I declare under penalty of perjury that the foregoing is true and correct.
8  Executed on January 13, 2025 in Boston, Massachusetts.

/s/ *Peter A. Biagetti*
Peter A. Biagetti