1  Arameh Z. O'Boyle (SBN 239495)
   azoboyle@mintz.com
2  Esteban Morales Fabila (SBN 273948)
   emorales@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   2049 Century Park East, Suite 300
4  Los Angeles, CA 90067
   Telephone: (310) 586-3200
5  Facsimile: (310) 586-3202

6  *[Additional Defendants' Counsel continued on next page]*

7  *Attorneys for Defendants MindGeek*
   *S.à r.l., MG Freesites Ltd, MG Premium*
8  *Ltd, MindGeek USA Incorporated, MG*
   *Global Entertainment Inc., and 9219-1568*
9  *Quebec Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.A.<br><br>Plaintiffs,<br>v.<br>MINDGEEK S.À R.L, et al.,<br><br>Defendants. | Case No. 2:24-cv-04786-WLH-ADS<br><br>**DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF DEFENDANTS COLBECK CAPITAL MANAGEMENT, LLC; CB MEDIA VENTURES DD, LLC; CB AGENCY SERVICES, LLC; AND CB PARTICIPATIONS SPV, LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL REPLY IN SUPPORT OF THEIR OMNIBUS MOTION TO DISMISS [DKT. 120]**<br><br>Hearing Date:  January 31, 2025<br>Hearing Time:  1:30 p.m.<br>Courtroom:  9B<br>Judge:  Hon. Wesley L. Hsu<br><br>Complaint Filed:  June 7, 2024<br>Trial Date:  None Set |

Seth R. Goldman (*Pro Hac Vice App. Forthcoming*)
sgoldman@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-6845
Facsimile: (212) 983-3115

Peter A. Biagetti (*Admitted Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile:  (617) 542-2241

## DECLARATION OF PETER A. BIAGETTI

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts admitted *pro hac vice* to appear before this Court (Dkt. 53), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek, S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Defendants Colbeck Capital Management, LLC; CB Media Ventures DD, LLC; CB Agency Services, LLC; and CB Participations SPV, LLC's ("CB Defendants") Application for Leave to File Their Omnibus Reply Brief in Support of Their Motion to Dismiss, Dkt. 120. CB Defendants seek to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022, Dkt. 187, and the Amended Stipulated Protective Order entered by the Court on December 13, 2024, Dkt. 516, in the related case, *Fleites v. MindGeek S.a.r.l. et al. et al.*, Case No. 21-cv-04920-WLH-ADS, filed in support of their Reply in Support of their Omnibus Motion to Dismiss on January 8, 2025, Dkt. 119. *See* Dkt. 120.

3. The CB Defendants seek to seal redacted text in the CB Defendants' Reply comprising confidential content from Exhibits A and B to their Omnibus Motion to Dismiss, for which the CB Defendants previously filed an Application for Leave to File Under Seal, Dkt. 73.[1]

---

[1] Although the CB Defendants sought leave of Court to file these documents under seal, the MindGeek Defendants file this declaration supporting that the designated material filed in connection with the CB Defendants' Omnibus Motion to Dismiss and Reply is sealable because it contains non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses.

4. Specifically, the CB Defendants request that the following materials be filed under seal:

| Material to Be Sealed in the CB Defendants' Reply |
|---|
| Page 9,[2] lines 8-9 |
| Page 12, lines 13-18, 22-26 |
| Page 19, lines 16-17 |
| Pages 26 to 27, fn. 11 |
| Page 27, line 26 to Page 28, line 3 |
| Page 28, lines 6-10, 27-28 |
| Page 32, lines 22-26 |

## I. The Standard for Sealing Records

5. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

6. The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records

---

[2] All page numbers herein refer to the ECF page numbers.

- 4 -
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION
FOR LEAVE TO FILE UNDER SEAL – Case No. 2:24-cv-04786-WLH-ADS

containing information about proprietary business operations, and internal policies and strategies).

7. The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

8. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions and corporate structure).

9. Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

## II. The Materials Identified in the CB Defendants' Application Should Be Redacted Appropriately

10. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party identified in the CB Defendants' Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses, including confidential terms regarding loans provided to the MindGeek Defendants by the CB Defendants and the MindGeek Defendants' alleged business relationships with the CB Defendants. The loan agreements referenced in the CB Defendants' Reply contain a provision against public disclosure.

11. The materials in the CB Defendants' Reply, as identified in their Application, implicate the MindGeek Defendants' sensitive and confidential financing agreements. The details of the loan agreements are not public information, and none of the parties intended for the information contained therein to be made public. The confidential financial information in the agreements constitutes information that could harm the MindGeek Defendants' and other defendants' competitive standing if disclosed. The agreements contain information related to certain defendants' assets, business strategy, restructuring and acquisition plans, repayment terms, pricing strategy, and other sensitive financial and commercial information that could be used against defendants and non-parties to harm their competitive position or strategic interests in other loans or business. Public disclosure of the materials identified in the CB Defendants' Reply would also harm third parties named in the agreements for similar reasons.

12. The sealing request also is narrowly tailored as the CB Defendants seek to seal only those portions of the Reply that contains confidential and non-public business information.

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on January 13, 2025 in Boston, Massachusetts.

3                            */s/* *Peter A. Biagetti*
                              Peter A. Biagetti
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION
FOR LEAVE TO FILE UNDER SEAL – Case No. 2:24-cv-04786-WLH-ADS