1  Arameh Z. O'Boyle (SBN 239495)
   azoboyle@mintz.com
2  Esteban Morales Fabila (SBN 273948)
   emorales@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   2049 Century Park East, Suite 300
4  Los Angeles, CA 90067
   Telephone: (310) 586-3200
5  Facsimile: (310) 586-3202

6  *[Additional Defendants' Counsel continued on next page]*

7  *Attorneys for Defendants MindGeek*
   *S.à r.l., MG Freesites Ltd, MG Premium*
8  *Ltd, MindGeek USA Incorporated, MG*
   *Global Entertainment Inc., and 9219-1568*
9  *Quebec Inc.*

10

11               **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13  K.A.                              | Case No. 2:24-cv-04786-WLH-ADS
14          Plaintiffs,                | **DECLARATION OF PETER A.**
        v.                             | **BIAGETTI IN SUPPORT OF**
15                                     | **DEFENDANTS REDWOOD**
    MINDGEEK S.À R.L, et al.,          | **CAPITAL MANAGEMENT, LLC,**
16                                     | **REDWOOD MASTER FUND, LTD,**
            Defendants.                | **REDWOOD OPPORTUNITY**
17                                     | **MASTER FUND, LTD, MANUEL**
                                       | **2018, LLC, GINOGERUM, LLC,**
18                                     | **AND WHITE-HATHAWAY**
                                       | **OPPORTUNITY FUND, LLC'S**
19                                     | **APPLICATION FOR LEAVE TO**
                                       | **FILE UNDER SEAL REDWOOD**
20                                     | **DEFENDANTS' REPLY IN**
                                       | **SUPPORT OF MOTION TO**
21                                     | **DISMISS COMPLAINTS IN**
                                       | **RELATED CASES [DKT. 112]**
22
                                       | Hearing Date:   January 31, 2025
23                                     | Hearing Time:   1:30 p.m.
                                       | Courtroom:      9B
24                                     | Judge:          Hon. Wesley L. Hsu
25                                     | Complaint Filed: June 7, 2024
                                       | Trial Date:     None Set
26
27
28

                                       1
DECLARATION OF PETER A. BIAGETTI IN SUPPORT OF APPLICATION
FOR LEAVE TO FILE DOCUMENTS UNDER SEAL - Case No. 2:24-cv-04786-WLH-ADS

Seth R. Goldman (*Pro Hac Vice App. Forthcoming*)
sgoldman@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-6845
Facsimile: (212) 983-3115

Peter A. Biagetti (*Admitted Pro Hac Vice*)
pabiagetti@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

### DECLARATION OF PETER A. BIAGETTI

I, Peter A. Biagetti, declare:

1. I am a member of the Bar of the Commonwealth of Massachusetts admitted *pro hac vice* to appear before this Court (Dkt. 53), and a member of the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants MindGeek, S.à r.l., MG Freesites Ltd, MG Premium Ltd, MindGeek USA Incorporated, MG Global Entertainment Inc., and 9219-1568 Quebec Inc. (collectively the "MindGeek Defendants").

2. I make this declaration in support of Defendants, Redwood Capital Management, LLC, Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, Manuel 2018, LLC, Ginogerum, LLC, and White-Hathaway Opportunity Fund, LLC's (the "Redwood Defendants") Application for Leave to File Under Seal Redwood Defendants' Reply in Support of Motion to Dismiss Complaints in Related Cases, Dkt. 112. The Redwood Defendants seek to seal materials designated as "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party under the Stipulated Protective Order entered by the Court on October 14, 2022, Dkt. 187, and the Amended Stipulated Protective Order entered by the Court on December 13, 2024, Dkt. 516, in the related case, *Fleites v. MindGeek S.a.r.l. et al. et al.*, Case No. 21-cv-04920-WLH-ADS, filed in support of their Reply in Support of their Motion to Dismiss Complaints in Related Cases on January 8, 2025, Dkt. 111. *See* Dkt. 112.

3. The Redwood Defendants seek to seal confidential financing agreements cited in Redwood Defendants' Reply, for which the Redwood Defendants previously filed an Application for Leave to File Under Seal, Dkt. 69.[1]

---

[1] Although the Redwood Defendants sought leave of Court to file these documents under seal, the MindGeek Defendants file this declaration supporting that the designated material filed in connection with the Redwood Defendants' Omnibus Motion to Dismiss and Reply is sealable because it contains non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses.

4. Specifically, the Redwood Defendants request that the following materials be filed under seal:

| Material to Be Sealed in the Redwood Defendants' Reply |
|---|
| Page 11,[2] lines 3, 15-17 |
| Page 12, lines 9, 12, 14 |
| Page 37, lines 18-19 |
| Page 38, lines 6-7 |

## I. The Standard for Sealing Records

5. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id.*

6. The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

---

[2] All page numbers herein refer to the ECF page numbers.

7. The standard for sealing documents and materials connected to dispositive motions, like Defendants' motions to dismiss, is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)); *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases applying the "compelling reasons" standard to exhibits to a motion to dismiss).

8. While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions and corporate structure).

9. Further, the public's interest is diminished where the documents are "not relevant to the Court's resolution of the [dispositive] motion." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *8 (N.D. Cal. June 30, 2015).

///

///

## II. The Materials Identified in the Redwood Defendants' Application Should Be Redacted Appropriately

10. The materials designated "Confidential" or "Highly Confidential" by the MindGeek Defendants and/or another party identified in the Redwood Defendants' Application contain non-public information, proprietary information and trade secrets related to the operation of the MindGeek Defendants' businesses, including confidential terms and structure of financing agreements provided to the MindGeek Defendants by the Redwood Defendants, a notice of default, and the MindGeek Defendants' alleged business relationship with the Redwood Defendants. The private financing agreements referenced in the Redwood Defendants' Reply contain express confidentiality obligations.

11. The materials in the Redwood Defendants' Reply, as identified in their Application, implicate the MindGeek Defendants' sensitive and confidential financing agreements. The details of the financing agreements are known only to the parties to those agreements and could be used to negotiate leverage to gain an unearned competitive advantage if made public. Further, any disclosure of the material might additionally impact the MindGeek Defendants' ability to negotiate for future financing on similar terms and could result in competitive disadvantage with respect to competitors seeking similar financing. Additionally, the notice of default references confidential terms of confidential agreements. Thus, the MindGeek Defendants seek an order sealing and/or redacting this information from the public record.

12. The sealing request also is narrowly tailored as the Redwood Defendants seek to seal only those portions of the Reply that contains confidential and non-public business information.

1  I declare under penalty of perjury that the foregoing is true and correct.
2  Executed on January 13, 2025 in Boston, Massachusetts.

                                                         */s/* *Peter A. Biagetti*
                                                         Peter A. Biagetti